### SANDERS et al. v. McFARLAND. (No. 9282.)

Court of Civil Appeals of Texas. Galveston.
April 2, 1929.

W. W. Mason, of Mexia, for appellants.

PLEASANTS, C. J. This appeal is from an order of the court below overruling appellants' plea of privilege to be sued in the county of their residence.

The facts upon which the appeal is based are thus correctly stated in appellants' brief:

"J. C. McFarland filed his original petition on the 23rd day of January, A. D. 1928, in the County Court of Grimes County, Texas, returnable to the February term of Court of said County, wherein he sued John T. Sanders and L. L. Steele (appellants), residents of Limestone County, Texas, each of whom duly filed a plea of privilege on the 9th day of February, A. D. 1928, and the defendants' plea of privilege was controverted by the plaintiff, J. C. McFarland, on the 23rd day of February, A. D. 1928, appearance day of the February Term of Court being the 20th day of February, A. D. 1928, which term of Court lasted for three weeks.

"No service was had on the controverting plea during the February Term of Court, and no effort was made to obtain service until after the close of the February Term of Court, and on the 21st day of May, A. D. 1928, a copy of said controverting affidavit was mailed to W. W. Mason, attorney for the defendants, and in said letter it was stated that the plea of privilege was set for the June Term of Court on the 1st day of June.

"On the 1st day of June, W. W. Mason, attorney for the defendants, appeared as Amicus Curiæ, called to the Court's attention lack of service on the defendants for the hearing of the plea of privilege, and called to the Court's attention that said plea was a dilatory plea and should have been heard at the first term of Court, and that the Court had no jurisdiction other than to transfer the case to the county of the defendants' residence, and on the 4th day of June, A. D. 1928, the Court, on its own motion, ordered the case continued until the August Term of Court, and in said motion ordered plaintiff to obtain service on the defendants.

"That on the 21st day of August, at the third term of Court after filing the plea of privilege, and controverting affidavit, the attorney for the defendants was again present in Court at the time the plea of privilege came on to be heard, resulting in an order overruling the defendants' plea of privilege to be sued in Limestone County, Texas, which order both defendants, John T. Sanders and L. L. Steele, gave notice of their exception and notice of appeal."

Under appropriate propositions and assignments, appellants assail the order appealed from on the ground that appellee by his failure to serve appellants with notice of the filing of the controverting affidavit and obtain a hearing on the plea and affidavit at the first term of court lost his right to controvert the plea, and the trial court had no authority, without the consent of appellants, to continue the hearing to a subsequent term of the court, and was without jurisdiction to hear and determine the merits of the controverting affidavit at the third term of court after it had been filed.

We agree with appellants' contentions that upon the facts disclosed by the record appellee, by his failure to seek service of notice of his controverting affidavit, and a hearing thereon at the first term of the court after the plea of privilege was filed, lost his right to controvert the plea, and the trial court had no authority to continue the hearing, and to hear and determine the contest at a subsequent term of the court. The agreed statement of facts shows that there was ample time during the first term of court after the plea of privilege was filed to have served

appellants with notice of the controverting affidavit as required by the statute and to have had the contest heard and decided. Plaintiff was under the same obligation to use due diligence to file and serve defendants with notice of the controverting affidavit as that which was required of defendants in presenting their plea of privilege under our former statute. The case of Davis v. Southland Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298, decides and discusses the question here presented. We are in full accord with all that is said in the able opinion of Justice Looney in the case cited, and are entirely satisfied to rest our conclusion as to the proper disposition of this appeal upon that opinion.

The judgment of the court below is reversed, and the cause remanded, with instructions to transfer the case to the county court of Limestone county.

Reversed and remanded, with instructions.