**DAVIS et al. v. SOUTHLAND COTTON OIL CO. (No. 8943.)**

(Court of Civil Appeals of Texas. Dallas. Jan. 19, 1924. Rehearing Denied March 1, 1924.)

**1. Pleading** ⊜ⲙ111—**Burden now cast on party opposing plea of privilege; duty of such party in case of contest stated.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 1903, the burden is now on the party opposing the plea of privilege to prosecute the contest during the term of court at which the plea is filed, and, if he desires to contest the same, he shall do so under oath setting out the facts to confer venue on the court where the case is pending, of which contest defendant must have 10 full days' notice, the contest to be filed in such time as to permit final disposition of the matter during the term.

**2. Pleading** ⊜ⲙ111—**Trial and disposition of plea of privilege controlled as formerly.**

A plea of privilege is still a dilatory plea, and its trial and disposition is still controlled

by article 1910 and rule 24 of the district and county courts.

**3. Pleading** ⊜ⲙ111—**Effect of failure to contest plea of privilege stated.**

After a plea of privilege is filed, the court is without authority to enter any order other than an order changing the venue until the plea is contested.

**4. Pleading** ⊜ⲙ111—**Effect of delay in filing contest to plea of privilege stated.**

Where, in an action, defendant filed his plea of privilege which was not contested by plaintiff until too late in the term for notice to be issued and served upon defendant and to have the plea and contest tried and disposed of at that term, plaintiff waived the right of contest, and the court was without jurisdiction to enter any order in the cause except an order changing the venue.

**5. Appeal and error** ⊜ⲙ920(2)—**Presumption indulged in favor of continuance of hearing of contest of plea of privilege in proper case.**

If a contest of a plea of privilege has been timely filed and the court has on its own motion entered an order continuing the case to the next term without prejudice to the plea and contest, the appellate court will indulge in the presumption that the order of continuance was granted because the status of the court's business required it.

**6. Appeal and error** ⊜ⲙ934(1)—**No presumption in favor of judgment entered without jurisdiction.**

There is no presumption in favor of an order or judgment entered by a court which has no jurisdiction over the person.

**7. Pleading** ⊜ⲙ111—**Order continuing hearing of contest of plea of privilege held without jurisdiction.**

Where a plea of privilege is contested too late for notice trial and disposition at the first term of court, an order continuing the hearing and disposition of the contest and plea to the next term is void as without jurisdiction.

Appeal from District Court, Ellis County; W. L. Harding, Judge.

Action by the Southland Cotton Oil Company against N. G. Davis and others. From a judgment overruling his plea of privilege, named defendant appeals. Reversed and remanded, with instructions.

Benson & Benson, of Bowie, for appellant. C. M. Supple, of Waxahachie, for appellee.

LOONEY, J. This appeal is from an order of the district court of Ellis county overruling a plea of privilege. The appellee, Southland Cotton Oil Company, sued the appellant N. G. Davis and his partner, A. A. Howell, who were conducting a ginning business at Jayton, Kent county, Tex., under the style of Davis & Howell, to recover overpayments by appellee to appellant, by reason of short weights and inferiority in the grade of cotton seed purchased by appellee from Davis & Howell.

---

⊜ⲙFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The defendant Davis was alleged to be a resident citizen of Montague county, and the defendant Howell was alleged to be a resident of the state of Oklahoma. Both were duly cited to answer at the term of the district court of Ellis county beginning the first Monday in March and continuing in session until the first Monday in June; the defendant Howell was served by nonresident notice.

The defendants filed on the first day of the term of court, in due form and in all respects in compliance with article 1903, Revised Statutes, pleas of privilege in which they prayed that the venue of the case be changed to the district court of Montague county. When these pleas were filed, the record shows that permission to file the same was obtained, but no further action of the court was taken with regard thereto until June 1, 1922, when an order was entered by the court continuing the cause to the next term, which began the first Monday in June, 1922.

Prior to the order continuing the case, and on May 30, 1922, no contest of the pleas of privilege having been filed by the appellee, the defendants, through their attorneys, presented to the clerk of the court, and had filed, the form of an order to be entered sustaining the pleas of privilege and transferring the case to the district court of Montague county. This order was never signed or approved by the judge, nor does it appear that it was brought to his attention. On June 1, 1922, the appellee filed, in due form, a contest of the pleas of privilege, and the court thereafter, and on same day, continued the cause as above stated, without prejudice to the pleas of privilege or controverting affidavit.

The parties having failed to agree on a date for the hearing, the district judge, on June 15, 1922, set the same for July 3d, and directed that the defendants be served with notice accordingly. On the day set for the hearing, the pleas and the contesting answer of the appellee were heard, evidence adduced, and pleas overruled, to which action of the court the appellant N. G. Davis, alone, has appealed and assigned errors.

The appellant, by appropriate assignments and propositions, challenges the correctness of the action of the court below, and insists that appellee, by reason of its failure to contest the plea of privilege in time to dispose of the plea and contest before the term of court came to an end, waived its right to contest; that the trial court was without jurisdiction to enter the order continuing the case from the March term to the June term of court, but, instead, should have entered an order changing the venue of the case to Montague county.

We believe appellant's contention is correct, and that the error pointed out requires a reversal of the case.

[1] A plea of privilege is a dilatory plea within the meaning of the statutes, and its disposition is controlled by article 1910, which reads as follows:

"Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term in which they are filed, if the business of the court will permit."

Rule 24 of the district and county courts on the same subject is as follows:

"All dilatory pleas and all motions and exceptions relating to a suit pending, which do not go to the merits of the case, shall be tried at the first term to which the attention of the court shall be called to the same, unless passed by agreement of parties with the consent of the court; and all such pleas and motions shall be first called and disposed of before the main issue on the merits is tried."

Formerly the burden was upon the party insisting on a plea of privilege to bring it to the attention of the court during the term at which it was filed, and support it with proof, under the penalty of waiving the plea if he should fail to so prosecute it during the first term.

The Supreme Court, in construing the article of the statute and rule of court above quoted, in Aldridge v. Webb & Hill, 92 Tex. 122, 46 S. W. 224, in an opinion by Judge Denman, used the following language:

"We think, as indicated above, that the law imposes upon the party relying upon such a plea the duty of demanding the action of the court thereon at the time the statutes and rule above quoted require it to act in the particular case, and that his failure to do so is a waiver thereof. When he brings the matter before the court, it may be continued, or the court may make such orders as the condition of its docket may render necessary, and there will, of course, be no waiver."

To the same effect is the opinion of the Commission of Appeals in Texas Packing Co. v. St. Louis S. W. Ry. Co., 227 S. W. 1095.

The statute regulating the trial and disposition of pleas of privilege was radically changed by the amendment to article 1903 adopted in 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 1903) by the addition of the following entirely new provision:

"* * * And such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If, however, the plaintiff desires to controvert the plea of privilege, he shall file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending. Upon the filing of such controverting plea the judge or the justice of the peace shall note on same day a time for a hearing on the plea of privilege; provided, however, that the hearing thereon shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been served on each defendant, or his attorney, for at least ten full days exclusive of the day of service and day of hearing. * * *"

Under the law as it formerly read, the burden in all respects was upon the party relying on the plea of privilege to so prosecute the same as to dispose of the matter during the term of court at which it was filed, and in case of failure in this respect he lost the benefit of the plea. Under the provisions of the amendment just quoted, the burden is in all respects cast upon the party opposing the plea, and, if he desires to contest the same, he shall do so under oath, setting out specifically the fact, or facts, relied upon to confer venue of such cause on the court where the case is pending, of which contest the defendant must have ten full days' notice.

Under this amendment it is the duty of the plaintiff, or party opposing the plea, not only to file the contest under oath, but to file it during the first term of court in time for the notice required to be given and for the trial of the plea and contest, in order that there may be a final disposition of the matter during the term.

[2] A plea of privilege now is no less a dilatory plea than it was before the law was amended, and its trial and disposition is controlled now the same as formerly by the provision of article 1910 and rule 24 of the district and county courts.

. The reasons that required diligence on the part of the defendant to present and prosecute his plea under the law as it formerly existed will require the plaintiff, under the present law, to file his contest and prosecute the same, to the end that the plea and contest may be disposed of promptly; in fact, the reason for a prompt and expeditious disposition of the plea of privilege is more imperative under the present law, in view of the provision giving either party the right to appeal from the judgment of the court sustaining or overruling the plea.

[3] After a plea of privilege is filed, the court is without authority to enter any order other than an order changing the venue, unless the plea is contested, and, as we hold in this case, unless the plea is contested at such an early date in the term as will admit of notice, trial, and disposition during the term; in other words, we construe these statutory provisions to mean that, unless the contest is filed within the time above mentioned, the plaintiff's right is lost, and the court should treat the case as though no contest was on file.

Unless this meaning is given the statute, a plaintiff may delay, as the plaintiff in this case did delay, the filing of the contest until too late in the term for a trial and disposition, and thus the purposes of article 1910 and rule 24 of the district court are defeated.

The case of Craig v. Pittman & Harrison, decided by this court, reported in 234 S. W. 1112, was where a judgment by default was rendered by a justice of the peace against a defendant who had filed a plea of privilege, but whose plea had not been contested. It

seems that after the filing of the plea the defendant paid no further attention to the case and was surprised later on to be confronted with an execution in the hands of the sheriff. Thereupon he brought a suit to enjoin the enforcement of the judgment. In the course of the opinion, construing the statutes regulating pleas of privilege, Judge Hamilton used the following, among other, language:

"That the judgment was absolutely void is not doubtful to us. The effect of filing the plea of privilege was to make prima facie proof of defendant's right to have the case transferred. The filing of the plea operated to preclude any other proceedings until after it had been disposed of in the manner provided by the statute. No contest having been filed by the adverse party, and the defendant neither having waived nor abandoned the plea, it was the duty of the court to sustain it. The only valid order which could have been entered would have been that transferring the case. All further proceedings were beyond the power of the court in the absence of a contest and notice thereof to defendant according to statutory requirement"—citing the following cases in point: Brooks v. Wichita Mill, etc. (Tex. Civ. App.) 211 S. W. 289; Bennett v. Rose Mfg. Co. (Tex. Civ. App.) 226 S. W. 143; Girvin v. Gulf Refining Co. (Tex. Civ. App.) 211 S. W. 331; Rice v. Broussard (Tex. Civ. App.) 223 S. W. 323; Watson v. Watson (Tex. Civ. App.) 223 S. W. 699; Petroleum v. Britton (Tex. Civ. App.) 230 S. W. 743.

In the case of Brooks v. Wichita Mill & Elevator Co., supra, cited by Judge Hamilton, Judge Huff, of the Amarillo Court of Civil Appeals, in discussing the same point, used, among other, the following language:

"It is manifest, we think, that the statute contemplates, after the defendant has made prima facie proof of his right, that he is not required to be present until he receives notice of a contest and of the order setting a day for hearing thereon. If no contest is filed he has established his right, and the court no longer has jurisdiction over his person, but it is with the court in a different county."

The Commission of Appeals, in the case of Craig v. Pittman & Harrison, 250 S. W. 667, in an opinion by Judge Powell, which was approved by the Supreme Court, quoted copiously from the opinions of Judge Hamilton and Judge Huff in the two cases above referred to, and, in discussing the same question, used, among other, the following language:

"We think this justice court at Dallas lost jurisdiction of defendant in error when its plea of privilege was filed, and, until a controverting affidavit be filed, the only jurisdiction it had was to enter an order transferring the case to Sherman. The defendant in error had a perfect right to wait for its case to be transferred to Sherman until it had the notice required by the statute that the plaintiff had filed a controverting affidavit to its plea of privilege."

[4] Certainly there is a time limit within which the plaintiff is compelled to file his contest, and, as the statute fails to prescribe a definite time, we must arrive at the legislative intent from a consideration of these kindred statutes. We are of the opinion, therefore, because appellee failed to file a contest to appellant's plea of privilege until it was too late in the term for notice to be issued and served upon the defendant and to have the plea and contest tried and disposed of at the March term, that it waived its right of contest and that the court was without jurisdiction to enter any order in the case except an order changing the venue to Montague county.

As heretofore stated, the district court, on June 1st, after the appellee, on the same day, had filed its contest of the plea of privilege, of its own motion, so far as the record shows, entered an order continuing the case to the June term without prejudice to the plea and contest.

[5-7] If the contest had been filed in time for the notice, trial, and disposition at the March term, and under these circumstances, the court had of its own motion entered the order of continuance, this court should, and would, indulge the presumption that the order of continuance entered by the judge was because the status of the business of the court made it necessary; but there is no presumption in favor of an order or judgment entered by a court which has no jurisdiction over the person, and such an order or judgment rendered without jurisdiction is void ab initio.

In the case of Craig et al. v. Pittman, above cited, this court held that, when the plea of privilege was filed and not contested, the court was without power to enter any order except one changing the venue. To the same effect is the opinion of Judge Huff in Brooks v. Wichita Mill & Elevator Co., supra, and of Judge Powell in the case of Craig v. Pittman, supra. Beyond doubt the doctrine of these cases is that on the filing of a plea of privilege the court loses jurisdiction of the defendant, unless a controverting affidavit is filed, and, in such a situation, the only jurisdiction remaining with the court where the case is pending is to enter an order transferring the case to the court of proper jurisdiction.

If we are correct in the construction given these statutes, that is to say, if, when a plea of privilege is contested too late for notice, trial, and disposition at the first term of court, that the right of contest is thereby lost, then a case in such a situation is to be assimilated to a case where no contest whatever is filed; hence, under the doctrine announced in the cases above mentioned, the court was without jurisdiction to enter any order except one changing the venue to Montague county, and its order of continuance,

therefore, was a matter coram non judice and void.

For these reasons the judgment of the court below is reversed and the cause remanded with instructions to the district court to enter the necessary orders changing the venue of the case to the district court of Montague county.

Reversed and remanded, with instructions.