## AMERICAN FIDELITY & CASUALTY CO., Inc., v. JONES TRANSFER & STORAGE CO., Inc.

### No. 8724.

Court of Civil Appeals of Texas. San Antonio.

Feb. 3, 1932.

Rehearing Denied March 9, 1932.

Abney & Whitelaw, of Brownsville, for appellant.

Greenwood & Lewis, of Harlingen, for appellee.

SMITH, J.

Appellee, Jones Transfer & Storage Company, Incorporated, is a common carrier operating a line of motortrucks through Cameron County, and as such procured from appellant, American Fidelity & Casualty Company, an "automobile" insurance policy in which the insurer obligated itself to defend all suits brought against the assured for loss or damage occurring to freight belonging to others while being transported by the assured in its motortrucks, and to pay off all judgments obtained against assured in such suits. The policy was such as is prescribed by the statute to be carried by common car-

riers by motor vehicles as a condition precedent to the issuance of permits to such carriers by the state highway commission. Acts 41st Leg. § 13, c. 314, Gen. Laws 1929, p. 698 (Vernon's Ann. Civ. St. art. 911b, § 13).

The policy was made to cover freight while being transported on a certain truck belonging to appellee, and which was destroyed by fire on its run through Cameron county, together with its cargo of goods belonging to J. C. Penny & Co., of Brownsville. Appellee voluntarily paid the claim of Penny & Co., for the value of the destroyed cargo, without suit having been brought thereon, and then brought this suit in Cameron county against the insurance company to recover the amount it had paid Penny & Co., for the loss of the latter's goods.

Appellant is a foreign corporation, with its principal Texas office in Dallas. It had no agency or representative in Cameron county. It filed its plea of privilege to be sued in Dallas county, the plea was duly controverted at the first term of court, and overruled at the succeeding term. The insurance company has appealed.

Appellee raises the point that, because appellant did not procure disposition of its plea of privilege at the first term of court, it waived the plea, and could not prosecute it at a succeeding term. The record does not disclose any formal order continuing the plea to another term of court, but the entries on the trial docket show that the plea was filed on February 2, 1931, and that on February 14, the case was "passed pending passing on plea of privilege." No other entry was made on the trial docket concerning the case at that term.

■■ Under the provisions of the present statute, article 2008, as construed by the courts, the burden rests upon the plaintiff, and not upon the defendant. as under the prior statute, to procure disposition of a plea of privilege during the term at which such plea is filed, or show that the business of the court prevented its consideration at such term. The authorities seem to go further and hold, in effect, that, where the plaintiff fails to make such showing, he will be held to have waived his contest of the plea, thereby depriving the court of jurisdiction over the cause at a succeeding term, except to transfer it to the proper county. Davis v. Cotton Oil Co. (Tex. Civ. App.) 259 S. W. 298; Austin Bridge Co. v. Wren (Tex. Civ. App.) 297 S. W. 654; Griffin v. Linn (Tex. Civ. App.) 3 S.W.(2d) 148.

■ But in such situation the defendant may in turn waive his right to invoke this jurisdictional defect by voluntarily presenting and entering into a hearing upon. his plea at the subsequent term, as was done in this case by appellant as defendant below. Griffin v. Linn, supra. In any event, appellee is in no position to complain of the failure of appellant to get a ruling upon its plea at the first term, for, under the authorities cited, that burden rested upon appellee, and not upon appellant.

■ The policy in controversy was an indemnity policy, as distinguished from a "fire insurance" policy. The obligation of the insurer was to indemnify the assured against the latter's legal liability to third parties for loss or damage to the latter's goods while being transported by the assured. The insurer's liability was in no event in favor of the owner of the goods destroyed. It was solely and directly and specifically in favor of the assured. It rests upon the insurer's obligation to pay off judgments rendered against the assured, and cannot accrue until such judgments are so rendered. The obligation is in no event to pay damages to the shipper for loss of or damage to his property. The controversy over such loss would be between the owner of the property and appellee, and appellant's liability was to protect appellee against an adverse outcome of such controversy when determined by lawsuit. The policy in question was not a fire insurance policy, and this action is not within the contemplation of the twenty-eighth exception to the venue statute (article 1995).

It is true that appellant was obligated to defend suits brought against appellee to determine its liability to the third party, and, in case of a breach of that obligation, venue over appellant would lie in the county where such suit was properly brought. But the contingency which would put that obligation in operation did not arise. No such suit was brought. Instead of standing upon its right to thus invoke appellant's liability to defend such suit, appellee took the matter in its own hands and paid off the claim' of the owner of the property without litigation —whether rightly so or not, is not' determinable here. And appellee then brought this suit against appellant to recover the sum it had voluntarily paid the owner of the property it had destroyed. It was not a suit to recover damages for destruction of the suitor's property, but for reimbursement for money paid out by the suitor upon the latter's liability to third parties for damage to their property.

Appellant was not obligated in its contract to perform any obligation in Cameron county, except to defend suits brought against appellee in that county—a contingency which did not occur. Appellee simply alleges that appellant owes it a certain sum of money under the provisions of a contract which does not obligate appellant to pay in Cameron county, upon a cause of action for breach of an obligation not required in said contract to be performable in that county. That is all there is to the suit, and appellant is entitled to its privilege of litigating it in the

county of its principal office, as prescribed in subdivision 27, art. 1995.

The order overruling appellant's plea of privilege will be reversed and judgment here rendered that the cause be transferred to the county court at law of Dallas county, as provided in article 2020, R. S. 1925.

Reversed and rendered.