## KORTH v. TUMLINSON.
### No. 9376.

Court of Civil Appeals of Texas. San Antonio.

May 30, 1934.

Rehearing Denied July 25, 1934.

C. L. Bell, of San Antonio, D. O. Klingeman, of Karnes City, and Henry, Bickett & Bickett, of San Antonio, for appellant.

S. Benton Davies and Robt. H. Rice, both of San Antonio, for appellee.

MURRAY, Justice.

The opinion heretofore delivered by this court, on May 30, 1934, is withdrawn, and this opinion will be substituted therefor.

Appellee, Mrs. Francis O. Tumlinson, instituted this suit in the district court of Medina county against appellant, Fritz Korth, seeking judgment in the sum of $1,357.40, alleged to be due her as a result of the payment of usurious interest to Fritz Korth in the sum of $678.70. Korth filed a plea of privilege to be sued in Karnes county where he resided, which plea of privilege was controverted by appellee, and upon a hearing, at which evidence was introduced, the plea of privilege was overruled by the trial judge. Korth has perfected this appeal.

Mrs. Tumlinson alleged in her petition, in substance, that on June 20, 1930, she was indebted to one D. C. Millinger in the sum of $3,863.15, which indebtedness was secured by a real estate mortgage upon 270 acres of land situated in Karnes county. She further alleged that she entered into a contract with Korth whereby he agreed to pay off the indebtedness due Millinger, and that in consideration for the paying off of said indebted-

ness she contracted to pay Korth 10 per cent. upon the amount advanced by him and one-half, or in the alternative one-third, of the net proceeds for which said land should sell; that the total amount advanced by Korth, including other items, as well as the Millinger indebtedness, was the sum of $4,001.45; that the 270 acres of land, above referred to, was sold on March 20, 1931, for the sum of $5,388, of which $1,000 was paid in cash and the balance evidenced by two certain vendor's lien notes, executed by the purchaser of the land to Fritz Korth; that of the $1,000 in cash she received $698.85, and that after deducting certain expenses she had left to her net about the sum of $480.70; that Korth received in cash and vendor's lien notes the sum of $678.70 more than he had advanced to appellee and that such sum amounted to usurious interest upon the money so advanced by Korth, and that therefore appellee would be entitled to recover from appellant double this sum, amounting to $1,357.40.

The trial judge made the following finding in his final judgment, to wit: "The Court having heard the evidence and having construed both the original petition and the first amended original petition filed by the plaintiff, is of the opinion that the said petitions, when construed with the controverting affidavit of the plaintiff, were sufficient to show prima facie cause for usury, and that at the time the contract was made, as alleged in said petitions, the plaintiff herein was a resident of Medina County, Texas, and by reason of the exception in the Statute of Usury said venue and jurisdiction lay in Medina County, Texas."

Thus it is clear that the trial court had in mind that if appellee's pleadings stated a prima facie cause of action for usury and the evidence showed that she resided in Medina county, she had discharged the burden resting upon her to show venue in Medina county, and that the plea of privilege should therefore be overruled. This seems to be the correct rule. Article 5073, R. S. 1925, provides, among other things, that a suit for usury may be brought in the county where the complaining party resided at the time of entering into the usurious contract. So the proper inquiry in this case was: First, did Mrs. Tumlinson reside in Medina county at the time she entered into the alleged usurious contract? And, second, does appellee's petition, as above described, state a cause of action against appellant for receiving usurious interest? The evidence is conclusive that Mrs. Tumlinson resided in Medina county at

the time she entered into the contract with Korth, so the only remaining question is: Does appellee's petition state a good cause of action?

One of the first essentials of a petition for usury is that it must set forth the terms of the usurious contract under which the alleged usurious interest was paid. The terms of such a contract must show an understanding between the parties that the principal shall be repayable absolutely. 27 R. C. L. p. 208, § 9, and p. 220, § 21; 66 C. J. p. 194, § 103.

The contract described in appellee's petition does not show that the principal advanced by Korth was to be paid absolutely, under the terms of the agreement. It only states that in the event the land was sold that Mrs. Tumlinson had agreed to pay to appellant 10 per cent. upon the amount advanced by him and one-half of the net proceeds for which said 270 acres of land should sell, or, in the alternative, that she agreed to pay 10 per cent. interest on the money advanced and one-half of the net proceeds for which the land might sell; but it fails to state that she was to repay Korth the amount of money advanced by him. The petition did not show that Korth was to be paid either principal or interest if the land was not sold. In other words, if the land was not sold, according to the allegations of the petition, Korth would receive nothing; if the land was sold he was to receive 10 per cent. of the amount advanced by him, plus not more than one-half of the net proceeds of the sale. This, clearly, does not describe a usurious contract, and unless interest is paid under the terms of a usurious contract it cannot be usurious.

We therefore conclude that appellee's petition did not state a cause of action against appellant for the receiving of usurious interest, and sustain appellant's second assignment of error, wherein he complains that appellee's petition failed to state a cause of action against appellant. Silver Chapa de Vela v. Shacklett (Tex. Civ. App.) 1 S.W.(2d) 672.

The defects in appellee's petition are magnified when the evidence offered at the hearing is examined. The undisputed evidence shows that the real understanding between appellant and appellee was that appellant was not to be repaid the sums of money advanced by him and that appellee was in no way to be responsible for the repayment of such sums, but that if the land was not sold within twelve months Korth was to accept the 270 acres of land in full satisfac-

tion of all advancements made by him, and only in the event the land was sold within twelve months was he to receive interest and a part of the profits of the sale. Such a contract is not a usurious contract, because it does not provide for the absolute repayment of the sums of money advanced. It becomes nothing more than a joint adventure in which both parties pool their resources with the hope of making a profit. Orvis v. Curtiss, 157 N. Y. 657, 52 N. E. 690, 68 Am. St. Rep. 810; Palmetto et al. v. Gibbs (Tex. Civ. App.) 52 S.W.(2d) 120; 66 C. J. p. 195, § 105, and p. 212, § 136. From the last-mentioned section we copy the following: "In view, however, of the rule that a creditor's return need not be limited to the statutory rate where it is affected by a contingency putting the whole of it at hazard, a contract is ordinarily not usurious under which the creditor is to receive, in consideration of his loan or forbearance, property or services of uncertain value, even though the probable value is greater than lawful interest, unless the excess is so palpable as to show a corrupt intent to violate or evade the usury laws, or unless the contract is made for the purpose of such violation or evasion."

The order overruling the plea of privilege will be reversed and the cause remanded, with instructions that appellant's plea of privilege be sustained, and the cause transferred to the district court of Karnes county.

Reversed and remanded.

BICKETT, C. J., did not sit in this case.