## NARVESON v. NOCK.

### No. 11879.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 27, 1948.

Pichinson & Davis, of Corpus Christi (L. De Witt Hale, of Corpus Christi, of counsel), for appellant.

J. Earl Barnhouse, of Alice, for appellee.

NORVELL, Justice.

Appellant, N. E. Narveson, contends that the trial court erred in overruling his plea of privilege to be sued in Nueces County, Texas, where he resides.

Narveson perfected appeals from the order overruling the plea of privilege and also from the final judgment in the cause. Upon motion, the two appeals were consolidated.

The final judgment provided that Joseph H. Nock, plaintiff below (appellee here), should recover of appellant, Narveson, the sum of $1,250.00. As to another defendant in the suit, John Sexton and Company (which filed no plea of privilege), the judgment recited that "plaintiff Joseph H. Nock failed to show that said John Sexton and Company was liable in damages to Plaintiff," and a recovery against said defendant was accordingly denied.

The following statement of the facts relating to the plea of privilege and the hearing thereon is taken from appellant's brief, and its correctness is not challenged by the appellee in any way. Rule 419, Texas Rules of Civil Procedure.

"Appellant's plea of privilege was filed on December 24, 1947. Appellee's controverting affidavit was filed on January 5, 1948. The next term of Court of the 79th District Court opened on the sixth Monday after the first Monday in January, same being February 16, 1948. At that time appellee obtained a setting from the court for both the plea of privilege and the trial on the merits for February 25, 1948, and so notified appellant. On February 25, 1948, the setting was changed to March 3, 1948. On March 3, 1948, counsel for both appellant and appellee being in the midst of settlement negotiations, the court made the following entry on his docket: 'Passed for entry of an agreed judgment.' On March 12, 1948, the court entered on his docket: 'Continued by agreement.'

"On June 3, 1948, at a subsequent term of court, the docket entry reads: 'Reset by agreement for June 15th, 1948, without prejudice to any pleas, controverting affidavit thereto or motion filed or to be filed.' Thereafter, at said term of court, on June 15, 1948, the court overruled appellant's motion to sustain the plea of privilege by operation of law, and overruled the plea of privilege without a hearing or the introduction of any evidence."

The order recites that "said Plea of Privilege had not been presented to and heard by the Court or called to the attention of the Court at the term of Court in which filed, and this cause had been continued by agreement after such Plea was filed, the same was therefore waived and should be overruled."

The trial court erred in holding that appellant had waived his plea of privilege. The authorities cited by appellee to sustain the theory of waiver are such cases as Aldridge v. Webb & Hill, 92 Tex. 122, 46 S.W. 224, and are based upon the statutory provision that, "Pleas to the jurisdiction, pleas in abatement, and other dilatory pleas and demurrers, not involving the merits of the case, shall be determined during the term at which they are filed, if the business of the court will permit." Article 1269, Revised Statutes of 1895 and 1911, Article 2013, 1925 Revised Statutes. These cases hold that if the plea has been passed over during the term without action, it should be considered as waived. By a legislative enactment in 1918, Vernon's Ann.Civ.St. arts. 2007, 2008, the burden was cast upon the party opposing the plea of privilege to secure the disposal thereof within the proper term and time. Davis v. Southland Cotton Oil Co., Tex.Civ.App., 259 S.W. 298; American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054; White v. White, Tex.Civ. App., 105 S.W.2d 779.

However, Article 2013 of the 1925 Revised Statutes was repealed by the Rules of Practice Act, Acts 1939, 46th Leg. p. 201, § 1, Vernon's Ann.Civ.St. art. 1731a, § 1, so that a continuance no longer operates as a waiver. See Rule 175, R.C.P.

The judgment awarding a recovery in favor of Nock and against Narveson is reversed. O'Brien v. Smith, Tex.Civ.App., 80 S.W.2d 459. The order overruling the plea of privilege is also reversed and the cause as between Nock and Narveson is remanded to the trial court for further proceedings in accordance with this opinion.

That part of the judgment denying a recovery in favor of Nock and against John Sexton and Company will not be disturbed, as no appeal was perfected therefrom.

Reversed and remanded.