**RAGLAND et al. v. SHORT.**

No. 12293.

Court of Civil Appeals of Texas.
San Antonio.

July 11, 1951.

Rehearing Denied Sept. 12, 1951.

Walter B. Scott, Joe F. Orr, Fort Worth, Fly, Vance & Davis, Hondo, for appellants.

Dent Taylor, Glendon Roberts, Bandera, R. J. Noonan, Hondo, for appellee.

POPE, Justice.

This is an appeal from a judgment overruling defendants' plea of privilege to be sued in Tarrant County and concerns the sufficiency of the pleadings and evidence for a usury cause of action in a venue hearing, and also the power of the court to hear a plea of privilege matter after the term of court has expired at which the plea was filed.

Plaintiff in his controverting affidavit expressly referred to, incorporated and adopted the contents of his original petition and then swore that those allegations were true and correct. Defendants challenged the sufficiency of those pleadings. We hold that the pleadings are sufficiently clear and specific to constitute a sworn statement of fact when considered with the affidavit which incorporates those pleadings. Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63; Medford v. First Nat. Bank, Tex.Civ.App., 212 S.W.2d 485; Evans v. Jeffrey, Tex.Civ.App., 181 S.W.2d 709; Bates v. Stinnett, Tex.Civ.App., 170 S.W.2d 644; Fenner v. Little, Tex.Civ.App., 93 S.W.2d 783. The attack upon the sufficiency of plaintiff's controverting affidavit is made by a single exception and it states simply that the controverting affidavit "fails to allege a cause of action based on usury." We construe this to be a general demurrer which fails to point out specifically the defect, omission or fault in pleading of form or substance. Since Rule 90, Texas Rules of Civil Procedure, abolished the general demurrer, we think the trial court properly overruled the exception. Jones v. Ross, 141 Tex. 415, 173 S.W.2d 1022.

Appellants contend that the plea of privilege was waived because it was not disposed of during the term in which it was filed. It is urged that the court could only enter an order transferring the cause after failing to dispose of the plea during the term at which it was filed. Prior to the adoption of Rules 166 and 175, T.R.C.P., a statute, which has now been repealed, required a plea of privilege to be disposed of at the term during which it was filed. Those rules removed that requirement. Narveson v. Nock, Tex.Civ.App., 214 S.W.2d 842; 1 McDonald, Texas Civil Practice, § 4/53.

Appellee, Short, proved at the venue hearing that during December of 1948 he became heavily indebted and was about to lose by foreclosure his Medina County Ranch, consisting of almost three thousand acres of land. He agreed verbally with appellants that they would lend him enough money to pay off his debt and that he would have one year in which to repay the loan.

370

Appellee thereafter executed and delivered to appellants a deed to the ranch, and also executed a written agreement which provided that appellee could remain in possession of the land he had deeded, that for a period of one year he would have the exclusive right to sell the land, and that in the event of such sale he "should pay to First Party the sum of $71,625.70, together with interest thereon at the rate of five per cent per annum, and an additional sum of ten per cent on said amount of principal and interest; granting the right to the said Second Party to retain for his services in making sale of such land all amounts which he might receive for such land in excess of said sum of $71,625.70, with five per cent interest thereon until such sale might be consummated, and an additional ten per cent of such principal and interest."

Out of the large ranch tract, appellants re-conveyed to appellee, Short, a smaller tract of 281 acres. Appellee, Short, gave a note to appellants for the principal amount of $6,625.70, secured by a vendor's lien and deed of trust on the tract re-conveyed to him. That note was not for additional sums in addition to the $71,625.70, but was a part of that larger sum. The written agreement executed by appellants and appellee also provided that in the event appellee, Short, during the one-year period was able to sell the ranch (less the 281-acre tract secured by appellee's vendor's lien note and deed of trust) and upon the "repayment to First Party of the above provided principal and interest and ten per cent thereon within said year that First Party would release and cancel the vendor's lien note of $6,625.70, made by Second Party to First Party in consideration of the deed to Second Party by First Party on the 281½ acres of land, * * *."

Appellee, Short, succeeded, within the one-year period, in selling the land, except the 281 acre tract, for more than $158,000.00. He then paid over to appellants the sum of $71,625.70, together with an additional sum of $9,788.84, representing interest, and the additional sum of ten per cent on the

principal and interest. In keeping with his written contract, appellants reconveyed the ranch to appellee, Short, and released Short from the vendor's lien and the deed of trust securing the smaller note on the smaller tract. Appellee, Short, then conveyed the property, except the 281 acre tract, to the purchaser he had found.

The pleadings and the evidence show from this state of facts that appellee paid and the appellants received in excess of ten per cent on the outlay of money coming from appellants to save the ranch and obtain the deed. Appellants, on the authority of Korth v. Tumlinson, Tex.Civ.App., 73 S.W.2d 1048, strongly urge that usury is not proved, and that the case should be reversed and ordered transferred on the plea of privilege. In the Korth case a third party advanced money to a pressing creditor to save the landowner from losing her lands. For this service the landowner agreed to pay and did pay the third party ten per cent on the amount he advanced to the creditor, together with an additional percentage of the net proceeds from a sale of the property.

Absent such a sale, however, within the agreed time of twelve months, the third party agreed to accept the land in full satisfaction of all his advancements. On this state of facts this Court reversed the case, holding that there was no duty on the landowner to repay and that the contract was not usurious. We are unable to distinguish the proof made in the instant case from the facts of the Korth case, and think that authority is controlling. Pansy Oil Co. v. Federal Oil Co., Tex.Civ.App., 91 S.W.2d 453; Parmenter v. Kellis, Tex.Civ.App., 153 S.W.2d 965.

The order of the trial court is reversed and it is here ordered that the cause be transferred to Tarrant County.

On Appellee's Motion to Certify.

Appellee's motion to certify is overruled for the reasons stated in J. A. & E. D. Transport Co. v. Rusin, Tex.Civ.App., 202 S.W.2d 693, 702.