Coy W. FARRAR, Appellant,

v.

Alfred Lee ANGLIN et ux., Appellees.

No. 5017.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 9, 1954.

F. Warren Hicks, Houston, for appellant.

Brown, Junell, Morgan & Vaughan, Houston, for appellee.

WALKER, Justice.

The appeal is from an order overruling the appellant's plea of privilege. The plea and the controverting plea (appellees are the plaintiffs) were filed at the 2nd term of court preceding that at which the plea was heard and determined, and appellant says that no order or agreement was made

passing the plea beyond the term at which it was filed and that appellees have not shown that the business of the court did not permit the plea to be determined at the term at which it was filed. Accordingly, says appellant, the appellees waived their contest of his plea of privilege and the trial court had jurisdiction only to transfer the cause as prayed for in the plea. Some of the facts contended for by the appellant are disputed by the appellees but we assume, without deciding, that the appellant is right about the facts. On this assumption the rule of decision prior to the adoption of the Texas Rules of Civil Procedure would have supported the appellant's contentions about waiver and jurisdiction; and in Keeney v. Coffee, 258 S.W.2d 150, the Amarillo Court of Civil Appeals applied the former rule of decision under Rules 86 and 87. However, of the decisions cited by appellant, this is the only one which clearly purports to be based on the present Rules of Procedure.

■ [1] On the other hand appellees cite opinions of the Subcommittee on Interpretation of the Rules, reported at pages 53 and 322 of Vol. 5, Texas Bar Journal, stating, in effect, that the former rule of decision was based on Art. 2013, R.S.1925, which was repealed by the present Rules of Civil Procedure, and that repeal of this statute abrogated the former rule of decision. It was so held by the San Antonio Court of Civil Appeals in Narveson v. Nock, 214 S.W.2d 842, and in Ragland v. Short, Tex.Civ.App., 245 S.W.2d 368; and this view is adopted in Sec. 4.53 of McDonald's Texas Civil Procedure. We agree with these authorities.

■ Appellant argues, however, that the former rule of decision had independent support in a construction given language in Art. 2008, R.S.1925, and that this language has been carried into Rule 87, thereby perpetuating this construction and the former rule of decision. The part of Art. 2008 on which this contention is based is that requiring the trial court to "promptly hear" the plea of privilege. This contention is overruled. We do not agree with appellant as to the meaning to be given the cases appellant cites. What Art. 2008 did was to shift the burden of procuring (or of excusing the failure to make) the determination required by Art. 2013 from the one who filed the plea of privilege to the one who controverted it; it did not, independent of Art. 2013, require the plea to be determined at the term at which it was filed. See: Davis v. Southland Cotton Oil Co., Tex.Civ.App., 259 S.W. 298; American Fidelity & Casualty Co. v. Jones Transfer & Storage Co., Tex.Civ.App., 46 S.W.2d 1054. As for the words "promptly hear" in Rule 87, we agree with the Subcommittee, 5 Tex. Bar Journal 322, that "this general term is directory only and does not affect the validity of a delayed hearing."

■ We hold that appellees did not waive their contest of the plea of privilege by failing to procure a determination of the plea at the term at which it was filed or by failing to prove that the business of the trial court did not permit the plea to be heard at that term, and that the trial court had jurisdiction to hear and determine the plea on its merits when that court made the order now on appeal.

These comments adjudicate the only attacks made on the trial court's order. Appellant's point of error is overruled and the order overruling the plea of privilege is affirmed.