C. ·C. RODDY, Appellant,

v.

DENTON COUNTY, Appellee.

No. 15629.

Court of Civil Appeals of Texas.

Fort Worth.

June 10, 1955.

Rehearing Denied July 8, 1955.

Chester A. Oehler, Dallas, for appellant.

Coleman & Whitten and Earl L. Coleman, Denton, for appellee.

RENFRO, Justice.

This is a venue case.

Denton County brought suit against C. C. Roddy, who, it alleged, resided in Dallas County, and J. W. Baker, who, it alleged, resided in Denton County, Texas.

The defendants filed separate pleas of privilege. The County controverted Rod-

dy's plea of privilege but did not controvert Baker's plea and the cause as to Baker was transferred to Dallas County, Texas.

Roddy has appealed from an order overruling his plea of privilege.

He first contends the court lost jurisdiction to try the plea of privilege because of laches on the part of appellee in serving the controverting plea.

Appellant's plea of privilege was filed on August 9, 1954. The controverting affidavit was filed on August 12, 1954. Some time prior to October 1st (date not shown), appellant's attorney was served with a copy of the controverting affidavit. On October 1st the attorneys for the respective parties appeared in open court and agreed that the hearing would be held on the plea of privilege on October 20th. The court thereupon set the hearing for October 20th and the hearing was held on said date. On the same date the appellant filed a motion to transfer on the ground that the controverting affidavit was not served on appellant within a reasonable time after it was filed.

The authorities cited by appellant hold that the court loses jurisdiction where hearing is not had on the controverting affidavit before the term ends in which the plea of privilege is filed.

The statute under which said cases were decided has been repealed and is no longer applicable. Ragland v. Short, Tex.Civ.App., 245 S.W.2d 368; Narveson v. Nock, Tex.Civ.App., 214 S.W.2d 842; Grubbs v. Bowers, Tex.Civ.App., 272 S.W.2d 956; Farrar v. Anglin, Tex.Civ.App., 273 S.W.2d 665.

■ It appears that appellant is mistaken in assuming that the term of court had expired before he was served. The hearing was had at the same term of court in which the plea of privilege was filed. Since it is now settled that a court can hear a plea of privilege in a succeeding term, it follows that the court does not lose jurisdiction because of a mere delay in setting a hearing during the same term of court.

It is next argued that Roddy and Baker having been sued as partners and Baker's plea having been sustained upon the failure of the appellee to controvert same, the court has lost jurisdiction of the plea of privilege as to Roddy and his plea should have been sustained.

■ As we construe the petition the suit was against the defendants as individuals and not as partners.

The point of error is overruled.

The remaining points of error contend that no cause of action was proven against appellant and no exception to the venue statute exists in this case.

The petition and controverting affidavit allege, in substance, that the defendants agreed to "hot top" certain rural roads in Denton County in a good and workmanlike manner so that same would remain in good condition for a period of twelve months; that thereafter the defendants represented to the commissioners' court that such asphalt surface treatment had been made on said roads as agreed and the commissioners' court, in reliance upon said representations, paid the defendants the sum of $4,205.40; that the representations were made in Denton County; that the statements were known by the defendants to be false and were made for the purpose of inducing public funds of Denton County to be paid to the defendants; that work done by defendants was faulty and worthless and Denton County is entitled to recover all sums paid by it to the defendants; that on or about June 11, 1953, the defendant Roddy agreed in writing that the road would be given another application of asphalt surface treatment.

The County Commissioner of Precinct No. 2 of Denton County, Ernest Hilliard, was the only witness to testify on the hearing. He testified that Baker guaranteed the job for one year; that he and Roddy would fix any defects that showed up in such period of time; prior to November 10, 1952, Baker represented that the road was completed as agreed upon; he relied on Baker's representation that the job had been com-

pleted in accordance with the agreement; he did not talk to Roddy about the work, although he did see Roddy at the site of the job three or four times; he had no written contract with either Roddy or Baker; Roddy billed them for the job on October 16, 1952, and on November 10, 1952, the County paid Roddy the agreed price of $4,205.40; a few weeks later holes began appearing in the road and the witness talked to Roddy by telephone; Roddy sent Baker to look at the road and Baker agreed it needed repairing and patched up some holes; the road was still not in satisfactory condition and at the instance of the witness an attorney, on June 11, 1953, wrote Roddy requesting him to rework the road; on June 15, 1953, Roddy answered the letter, saying in part, "Please use this letter as your authority to assure Mr. Hilliard that his road will be given another application of asphalt surface treatment just as soon as we are satisfied that the patch work that we have done is going to 'stand-up' satisfactory;" at sometime following the date of the above letter, Roddy sent a man who patched some of the holes but, according to the witness, the road was still in bad shape in June and July of 1953. The witness testified that Baker told him he and Roddy were co-owners; there is no explanation. The witness' concluding testimony was as follows:

"Q. Are you saying that Mr. Roddy didn't do what he agreed to do? A. That's right, I sure do.

"Q. That is the sum and substance of your complaint? A. Well, that's right, he didn't do what he agreed to do. * * *

"Q. Did he do what he agreed to do in his letter of June 15, 1953? A. No, sir, he didn't."

The appellee contends the order overruling the plea of privilege should be sustained because of the misrepresentations and because of the heretofore mentioned letter written by Roddy.

■ It appears to us from the pleadings and particularly from the evidence that appellee's suit and complaint is basically one for damages for breach of oral contract. In order to hold venue in the county where the fraud is alleged to have occurred, the fraud must be the gist of the action. Slaughter v. Oakes, Tex.Civ.App., 203 S.W. 405; Western Irrigation Co. v. Reeves County Land Co., Tex.Civ.App., 231 S.W. 2d 1011; Evans v. Heldenfels, Tex.Civ. App., 70 S.W.2d 283.

■ We are of the further opinion that if the appellee plead and proved fraud on the part of Baker, yet it failed to prove any such conduct on the part of appellant Roddy. Throughout the petition the appellee alleges the "defendants" did certain things and made certain representations. It is nowhere alleged that Roddy made any contract or representations. The only conversations related by appellee's witness prior to the payment of the money by the appellee for the work was with Baker. Baker in his plea of privilege denied under oath that he was a partner with Roddy. As heretofore stated, his plea was not controverted. There is no other basis shown for holding Roddy responsible for statements of Baker. No authority is shown in Baker to make, or bind Roddy by, such representations as were alleged. Even though we might be in error in holding that the gist of the action was for damages for breach of oral contract, we are nevertheless of the opinion that fraud was not proved against appellant Roddy.

■ We have carefully considered the letter written by Roddy to the attorney for the appellee and have concluded that it is not a written contract to perform work in Denton County such as to authorize the court's holding venue in such County.

The judgment of the trial court overruling the appellant Roddy's plea of privilege is hereby reversed and judgment entered directing the clerk to transfer the cause to the District Court of Dallas County, Texas.