**W. J. GOURLEY, Appellant,**

v.

**R. B. FIELDS, Appellee.**

No. 3625.

Court of Civil Appeals of Texas,

Eastland.

July 14, 1961.

Rehearing Denied Sept. 8, 1961.

Simon & Simon, Ft. Worth, for appellant.

Brooks & Fergus, Abilene, for appellee.

COLLINGS, Justice.

This is an appeal from an order overruling a plea of privilege. R. B. Fields brought suit in Stephens County against W. J. Gourley, seeking damages in the sum of $216,000 for the alleged breach of a contractural provision in the assignment of an oil and gas lease covering land located in Stephens County. Fields alleged that the defendant Gourley, who held an oil and gas lease under an assignment from him, failed to notify plaintiff that he did not intend to drill a well according to the terms of the oil and gas lease and the assignment, and let the lease terminate according to its terms on May 1, 1956; that plaintiff Fields was thereby prevented from exercising his option under the assignment to continue the lease in effect by drilling a well on the property. It was alleged that Gourley obtained another oil and gas lease on the same land on June 1, 1956, which lease remained in effect until December 23, 1959, when he completed a valuable producing gas well thereon.

In the alternative plaintiff sought judgment declaring that he was the owner of a present oil and gas lease covering said property.

Defendant Gourley on June 8, 1960, timely filed a plea of privilege to be sued in Tarrant County, the place of his residence. Plaintiff timely filed a controverting plea on June 18, 1960. Plaintiff did not have the judge note on the controverting plea a time for hearing, and did not have the controverting plea served on the defendant Gourley or his attorneys as provided by Rule 87, Texas Rules of Civil Procedure.

On September 24, 1960, defendant's attorneys were notified by the district clerk of Stephens County that there would be a "non-jury hearing" in said case on October 10, 1960. At the stated time defendant appeared and when the case was called for a hearing on the plea of privilege, moved the court to sustain the plea and transfer the cause to Tarrant County. As basis for his motion, defendant asserted that under Rule 87 and Article 2008, Vernon's Ann. Texas Civ.St., the court had lost jurisdiction and could properly enter no order except one sustaining the plea of privilege. Thereupon, plaintiff filed an amended controverting affidavit and defendant's attorneys were duly served with notice that a hearing of the amended plea was to be had on October 28, 1960. On that date defendant again appeared and urged that the court had lost jurisdiction and could enter no order except one transferring the cause to Tarrant County. The court overruled defendant's motion to sustain the plea of privilege on jurisdictional grounds and proceeded to hear evidence on issues raised by the plea and the controverting affidavit. After hearing, the court overruled the plea of privilege.

Defendant W. J. Gourley has appealed and in his first point urges that the court erred and abused its discretion in postponing the plea of privilege hearing and allowing appellee to amend his controverting affidavit and obtain service thereon, and erred in overruling his motion to sustain the plea of privilege on jurisdictional grounds, under the provisions of Rule 87, T.R.C.P. and Article 2008, V.A.T.C.S. Rule 87 provides that:

"* * * upon the filing of such controverting plea the judge or justice of the peace shall note on same a time

for a hearing on the plea of privilege. Setting of the date for such hearing and the notation thereof may be made by such judge or justice of the peace anywhere he may be found, either within or without the county where the suit is pending. Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the post office address stated in such plea of privilege, or shall have been delivered to defendant or to his attorney, at least ten (10) days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

It is held that the notation by the judge of the time of hearing and notice to the defendant or his attorney provided for in Rule 87 are mandatory and jurisdictional and that in the absence of such notice, unless waived, any action upon a plea of privilege other than transfer of the cause is error. In this case, however, before the hearing was had, an amended controverting affidavit was filed and due notice was given thereon. No hearing was had in the absence of notice to appellant, and that question is not here involved. Neither is this a case in which a controverting affidavit was not timely filed.

■ The question before us is whether the court abused its discretion and erred in allowing appellee to amend his controverting affidavit, and after notice thereon to hear and determine the plea of privilege. Appellant contends that there was an abuse of discretion because of plaintiff's delay in securing the notation of the trial judge concerning the hearing and notices thereof to the defendant. In our opinion an abuse of discretion is not shown. The provision of Rule 87 for a prompt hearing is directory only. Rules 166 and 175, Texas Rules of Civil Procedure, give the trial court discretion to establish by rule a pre-trial calendar and to dispose of dilatory pleas remaining undisposed of when the cause comes to trial. A plea of privilege has been held to be in the position of a dilatory plea. The failure of a plaintiff to procure a prompt determination of a plea of privilege or to prove that the business of a court did not permit the plea to be promptly heard at the term therefore does not as a matter of law constitute a waiver of plaintiff's right to contest the plea of privilege. Farrar v. Anglin, Tex.Civ.App., 273 S.W.2d 665; Ragland v. Short, 245 S.W.2d 368, (Mand.Overr.); Roddy v. Denton County, Tex.Civ.App., 280 S.W.2d 793 (Writ Dis.). The case of Grubbs v. Bowers, Tex.Civ. App., 272 S.W.2d 956, is to the same effect. That was a case in which the trial court was without authority to hold a hearing on the plea of privilege at the time set on April 13, 1954, because a copy of the controverting affidavit with the judge's notation thereon had not been served upon the defendant. It was held that the court did not err in thereafter permitting the plaintiff to file an amended controverting affidavit on May 4, 1954, to note thereon on May 5, 1954, that the hearing on the plea would be held on May 21, 1954, and after due notice to the defendant, to hear the plea on May 21st and overrule same. Appellant's first point is overruled.

■ In appellant's second point it is contended that the plaintiff did not allege or prove necessary facts to bring the suit under the provisions of Subdivision 14 of Article 1995, V.A.T.C.S., under which plaintiff predicated his right to retain venue in Stephens County. The venue facts which must be established by a plaintiff to come under the provisions of Subdivision 14 are: (1) the nature of the suit must come within the terms of the statute, and (2) the land involved must be located in the county where suit is filed. Ross v. Martin, Tex. Civ.App., 225 S.W.2d 220, (Mand.Overr.); Texan Development Company v. Hodges, 237 S.W.2d 436; Mecom v. Gallagher, Tex. Civ.App., 192 S.W.2d 804, (Ref.N.R.E.).

■ There is ample pleading and evidence that the land involved is in Stephens County and there is no contention to the contrary. The controversy is whether the nature of the suit comes within the terms of the statute. The nature and the character of a suit is determined solely by the allegations in the plaintiff's petition and is a question of law to be determined by the court. Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982; Farmers' Seed and Gin Company v. Brooks, 125 Tex. 234, 81 S.W. 2d 675.

■ The suit by appellee as plaintiff in Stephens County against appellant who resides in Tarrant County was to recover damages for breach of a contract in an oil and gas assignment, or in the alternative to recover an oil and gas lease on land located in Stephens County. It was alleged in plaintiff's petition that:

"Defendant did not notify the Plaintiff under the terms of said assignment as set out above with the intent to defraud the Plaintiff in order that his original lease might expire and, thereby, deprive the Plaintiff and which did deprive the Plaintiff of the opportunity to develop said property under the terms of the original lease as set out above, in order that the Defendant might re-lease this property and develop it for himself and, therefore, the Defendant was guilty of fraud And, Therefore, Holds His Present Lease And All production and equipment located thereon in trust by a constructed trust for the benefit of the Plaintiff and the Plaintiff prays the Court to enter an Order declaring that the present lease on said property together with all equipment and production is actually owned by the Plaintiff and for which the Plaintiff herein sues the Defendant."

The suit, as shown by the allegations of plaintiff's petition, is to recover an oil and gas lease, and not, as appellant contends, merely a suit to recover damages because of the breach of a contractual obligation. The allegations of plaintiff's petition, if true, show that he possessed equitable title to the land. In the case of McDonald v. Follett, 142 Tex. 616, 180 S.W.2d 334, it was held that an action to recover a ½ interest in overriding royalty on the theory of constructive trust, in that plaintiff and defendant were joint owners of the royalty, and that the defendant procured new leases in his own name to the exclusion of the plaintiff to defeat plaintiff's claim to said royalty was a suit for "equitable title" as distinguished from a mere "equitable right". Also see Stafford v. Stafford, 96 Tex. 106, 70 S.W. 75; Hall v. Rawls, Tex.Civ.App., 188 S.W.2d 807; Johnson v. Wood, 138 Tex. 106, 157 S.W.2d 146; Brown v. Gilmore, Tex.Civ.App., 267 S.W.2d 908, (Writ Dis.). This suit, as shown by the allegations of plaintiff's petition, sought to recover an oil and gas lease on land which the pleadings and evidence showed was located in Stephens County. The trial court properly held that venue was laid in Stephens County under Subdivision 14 of Article 1995.

The judgment is affirmed.