**HOUSTON CHRONICLE PUBLISHING CO. et al., Appellant,**

**v.**

**John FLOWERS, Appellee.**

**No. 6880.**

Court of Civil Appeals of Texas.

Beaumont.

March 16, 1967.

Rehearing Denied April 5, 1967.

Liddell, Austin, Dawson & Sapp, Houston; Orgain, Bell & Tucker, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from orders overruling defendant's pleas of privilege and denying defendant's motions to sustain its pleas of privilege on the grounds that plaintiff had waived his controverting plea by abandonment. The parties will be referred to here as they were in the trial court.

Defendant's first point is that plaintiff waived any venue rights he had by failure to request and obtain a prompt hearing on his controverting plea. The record shows: The original petition was filed October 4, 1962. Defendant filed pleas of privilege October 19, 1962. Plaintiff filed a controverting plea October 29, 1962 and an order was signed by the trial judge setting a hearing for November 30, 1962. This hearing was passed by agreement. May 13, 1965 attorney for plaintiff wrote the judge of the trial court a letter requesting a setting of the case. The case was set and reset several times until heard on these motions and pleas of privilege June 10, 1966. Defendant argues that the period of inactivity was three years and four months while plaintiff contends it was two years and six months. On the hearing of the motions that plaintiff had waived his venue rights, the attorney for plaintiff testified that he had been busily engaged in the practice of law, but that the primary reason for the delay was the unsettled condition of the county politics due to a "clean-up" campaign and the fact that it would have been difficult to secure a jury verdict under such climate.

Defendant cited this court the case of Hargrove v. Koepke, 320 S.W.2d 53, in which it was held by the San Antonio Court of Civil Appeals that the circumstances of that case in which nothing was done for a period of four years and nine months, constituted abandonment of the controverting plea for lack of diligence. Defendant also cited Farr v. Jefferson Amusement Co., 396 S.W.2d 434, in which the Texarkana Court of Civil Appeals affirmed a trial court which held that a delay of four years

and three months constituted abandonment. Defendant also relies upon Rule 87, Texas Rules of Civil Procedure, in which it is stated in part:

"* * * Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney at the post office address stated in such plea of privilege, or shall have been delivered to defendant or his attorney, at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon * * *"

Plaintiff cites the case of Gourley v. Fields, 348 S.W.2d 787, by the Eastland Court of Civil Appeals. In this case plaintiff filed his controverting affidavit, but did not have the trial judge note a time for hearing on such controverting plea and did not have such plea served upon the defendant or his attorney as required by Rule 87, T.R.C.P. The plea of privilege was filed June 8, 1960 and the controverting affidavit was filed June 18, 1960. September 24, 1960 defendant's attorney was notified by the district clerk that there would be a non-jury hearing in the case October 10, 1960. On the date of the hearing plaintiff filed an amended controverting affidavit and then secured a hearing for October 28, 1960 at which time the court heard the plea of privilege. This court held that the provision of Rule 87 for a prompt hearing was directory only and also the following:

"The failure of a plaintiff to procure a prompt determination of a plea of privilege or to prove that the business of a court did not permit the plea to be promptly heard at the term therefore does not as a matter of law constitute a waiver of plaintiff's right to contest the plea of privilege."

citing Farrar v. Anglin, Tex.Civ.App., 273 S.W.2d 665; Ragland v. Short, Tex.

Civ.App., 245 S.W.2d 368, (Mand.Overr.); Roddy v. Denton County, Tex.Civ.App., 280 S.W.2d 793 (Writ Dis.).

In the case of Smith v. Crockett Production Credit Ass'n, 372 S.W.2d 954, by the Houston Court of Civil Appeals, although the specific times and dates are not set forth, the following is stated by the court:

> "There is no merit in appellant's contention that the pleas of privilege should have been sustained because appellees failed to obtain a timely hearing. A hearing was held and action taken by the court prior to trial on the merits."

citing Narveson v. Nock, 214 S.W.2d 842 (Tex.Civ.App., n. w. h.); Ragland v. Short, 245 S.W.2d 368 (Tex.Civ.App., app. writ of mandamus overruled); Gourley v. Fields, 348 S.W.2d 787 (Tex.Civ.App., n. w. h.).

In the case of F & C Engineering Co. v. C. F. Bryan and V. V. Steptoe, 320 S.W.2d 435, by the Austin Court of Civil Appeals in which there was a delay of about one and one-half years, the court stated as follows:

> "The fact that the hearing on the plea of privilege was passed by agreement is not controverted and there is no showing of any action taken at a subsequent time. This does not operate as a waiver of venue by appellees."

citing Ragland v. Short, 245 S.W.2d 368, (Tex.Civ.App.) mand. overruled; Narveson v. Nock, 214 S.W.2d 842, Tex.Civ.App.; Farrar v. Anglin, 273 S.W.2d 665, Tex. Civ.App.

■ It is our conclusion that a reasonable construction to be placed upon that portion of Rule 87, T.R.C.P., referring to a prompt hearing, is to suggest to the trial courts that hearings upon pleas of privilege should be given a certain degree of priority so they may be disposed of before a trial on the merits. Trial courts are authorized to dismiss any cause, whether involving a plea of privilege or not, because of lack of prosecution. We feel that the trial court must be allowed wide latitude in making determination of such questions. We find no abuse of discretion in this case on the part of the trial court in denying such motion.

■ Defendant's second point of error is that plaintiff failed to prove a cause of action. Plaintiff relies upon Subdivision 29, of Article 1995, Vernon's Ann.Civ.St., which provides that suits for libel shall be brought in the county in which plaintiff resided at the time of the accrual of the cause of action. The uncontradicted testimony shows that plaintiff resided in Jefferson County, where this suit was brought, on October 8, 1961 and that the article complained of was published and distributed by the defendant in Jefferson County on such date. A long article appeared in the American Weekly which was inserted into and distributed with the Houston Chronicle on October 8, 1961. The headline to the article was "Corruption of a City" and the portion complained of read as follows:

> "Even as a divided Jefferson County is trying to make itself over, its 250,000 residents have begun playing an exciting little game: Who is Mr. Big?
>
> 'There are certain basic assumptions made by the players of The Game:
>
> '1. Mr. Big is local, one of their own —not Snydicate or Mafia.
>
> '2. He is clever, respected and prosperous—although his friends and neighbors have no idea how rich he is.
>
> '3. He is a brilliant organizer.
>
> 'None of the men named before the state committee could have put this great combination together,' I was told. Why not? One was a heavy drinker, another an amiable but fuzzy-headed thinker, a third 'couldn't organize himself out of a paper bag.' And so on.

'The whispered nominations for Mr. Big range widely: a banker, a lawyer, a labor leader, a former political figure. But no one knows for sure—no one except Mr. Big, who watches glumly as his carefully put-together network of crime and corruption comes to a profitless halt.

'At the moment Mr. Big's major fear stems from more than 25 federal Internal Revenue agents in Jefferson County prowling through thousands of bank and tax records. "We expect to have agents on· this case a long, long time," William G. Hundley, Special Assistant to Attorney General Robert Kennedy, told me.

'Even after we find out who Mr. Big is we'll have a lot of work here,' UCLE president George Dishman told me. 'We have to clean up Jefferson County so well that Mr. Big can't have a successor here.'

'The county's ordeal isn't over. UCLE now has 12,000 paying members. Gambling is shut down and nearly all the prostitutes have left. Opposition comes from a Citizens for Democratic Law and Order which says UCLE is creating a vigilante atmosphere, that any investigating should be done by county officials, not by state or federal agencies.· The Chairman of CDLO is John Flowers, a burly union business agent of the boilermakers. Flowers rules his union with iron—a boilermaker doesn't get a day's work unless he gets the .nod from Flowers. But hundreds of union men are active in the UCLE cleanup forces. So are their wives'."

Article 5430, V.A.C.S., defines libel as follows:

"A libel is a defamation expressed in printing or writing, or by signs and pictures, or drawings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."

Plaintiff testified that two portions of the article hurt him most. First, the insinuation that he was "Mr. Big" and connected with gambling and prostitution, and second, that he was burly and ruled his union with iron and that a boilermaker doesn't get a day's work unless he gets a nod from Flowers. Plaintiff also testified: That he was not "Mr. Big". That he was not connected with gambling or prostitution. That he was not burly. That it was not true that he ruled his union with iron and a boilermaker ˙doesn't get a day's work unless he gets a nod from Flowers. That at the time of publication of the article complained of, plaintiff was business agent of the boilermakers local union, but was defeated for re-election because of the article. That plaintiff made less money after the article than before.

The trial court by overruling the pleas of privilege found that plaintiff had alleged and proved a cause of action. No jury having been requested, all findings of fact as well as the law were left to the trial court. The trial court must have found that the article printed reasonably conveyed the meaning ascribed to it by plaintiff, that is the innuendo that plaintiff was "Mr. Big" and therefore connected with gambling and prostitution both being crimes in this state. The judgment entered by the trial court is also a finding that the statement in the article about plaintiff ruling his union with iron exposed plaintiff to public hatred, contempt or ridicule, or financial injury thereby injuring his reputation. Either of these findings is defamatory in character. The point is overruled.

Judgment affirmed.