### 11712.  MURPHREE *v.* WRENS MOTOR COMPANY.

LUKE, J.  1. Suit was brought by Wrens Motor Company against Murphree, upon a check drawn upon a bank, payable to one Williams, and by Williams indorsed in blank to Wrens Motor Company. Murphree admitted a prima facie case in the plaintiff, and assumed the burden of proving the defense of failure of consideration. The evidence was not sufficient to legally carry the burden, and the verdict in favor of the plaintiff was demanded.

2. The special grounds of the motion for a new trial wherein the defendant complains of rulings upon the admissibility of evidence, and of the court's refusal to compel the plaintiff to make the indorser upon the check a party defendant, are without merit. See *Bedell* v. *Scarlett,* 75 *Ga.* 56. For no reason assigned was it error to overrule the motion for a new trial.

　　　*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MARCH 3, 1921.

Complaint; from Jefferson superior court — Judge Hardeman. June 8, 1920.

The action was upon a check signed by W. J. Murphree, the defendant, payable to the order of A. W. Williams, and indorsed by Williams, payment of which had been stopped by the maker. The defendant in his answer admitted the execution and delivery of the check, its indorsement by Williams, that the plaintiff, Wrens Motor Company, was the owner of the check, and that he had stopped payment of it and refused to pay it; and he assumed the burden of proof and pleaded failure of consideration, alleging that the check was given for the price of a well which Williams had contracted to bore and equip with pipe and a pump so that it would give perfect satisfaction, but that the pump would not work and the well was useless; that the plaintiff was not a bona fide purchaser of the check, but purchased it with notice of the failure of consideration; that at the time of the purchase of the check the plaintiff was in possession of such facts, circumstances, and information as would put an ordinarily prudent man upon inquiry. The plea concluded as follows: " And now, specially pleading in abatement, defendant avers that if in the trial of this case it is determined that the plaintiffs are bona fide purchasers for value, without notice, of said check, and a judgment and verdict are rendered in their favor against defendant, then and in that event defendant would have a right of action against A. W. Williams, who originally indorsed said check over to the plaintiffs, knowing at the time of said indorsement that the consideration had failed and that payment of said check by the bank upon which it was drawn had been ordered stopped by this defendant, and that he, the said Williams, could not recover from the defendant upon said check. Therefore, in order to prevent a multiplicity of suits and to preserve the defendant's rights of subrogation and to insure the protection and enforcement of the rights of all parties, defendant prays that the said A. W. Williams, the indorser of said check, be made a party defendant in said case, and that said suit abate until said A. W. Williams is properly made a party and served in said case, so that the judgment obtained, if such judgment should be obtained, would be valid and binding."

On the trial J. R. Sims, of the plaintiff company, was introduced

as a witness for the defendant, and testified that the check sued upon was purchased by the plaintiff from A. W. Williams for a valuable consideration on or about December 21, 1918, and that it was his custom to deposit checks not later than two days after they came into his possession. The check, which was introduced in evidence, was dated November 15, 1918. There was no additional evidence. The court directed a verdict for the plaintiff. The case came to the Court of Appeals on exceptions to the overruling of the defendant's motion for a new trial.

The motion for a new trial was upon the grounds that the verdict was contrary to law and the evidence, and also upon the following grounds:

"1. Because the court erred in refusing to abate the suit until A. W. Williams, the indorser of the check sued upon, could be made a party defendant in said case.

"2. Because the court erred in refusing to compel the plaintiff to make A. W. Williams, the indorser of the check sued upon, a party defendant in said case.

"3. Because the court erred in refusing to allow the defendant, W. J. Murphree, to testify that the consideration supporting the check sued upon had failed, either in whole or in part.

"4. Because the court erred in repelling all testimony which tended to establish that the consideration supporting the check sued upon had failed either in whole or in part.

"5. Because the court erred in directing a verdict for the plaintiff in the said case."

The brief of the evidence contains, after the words " W. J. Murphree, defendant, sworn (Direct examination)," a statement as follows: " The court refused to permit witness to testify in respect to the consideration for which witness had signed and delivered the check to A. W. Williams; the court refused to permit witness to testify that the consideration supporting the check sued upon had failed either in whole or in part; the court would not permit witness to testify in reference to any defense that witness may have had against A. W. Williams as the payee of the check sued upon, and the court ruled that the defendant had not overcome the presumption that the plaintiff was a bona fide purchaser of the check, for value, without notice, and before maturity, and

therefore could not be let in to his defense against the payee, A. W. Williams, or set up such defense against the plaintiff."

*W. T. Revell, Phillips & Abbol,* for plaintiff in error.

*M. C. Barwick,* contra.