## McDANIEL et ux. v. ORR.
### No. 1192—5534.

Commission of Appeals of Texas, Section B.
June 25, 1930.

Bledsoe & Crenshaw, of Lubbock, for plaintiffs in error.

Bean & Klett, of Lubbock, for defendant in error.

SHORT, P. J.

This suit was instituted in the district court of Lubbock county, by L. A. McDàniel and wife, plaintiffs in error, to recover against G. H. Orr, the defendant in error, double the amount of alleged usurious interest, paid by the plaintiffs in error and received by the defendant in error, the action being one of debt based on article 5073, R. S. The case has been tried twice in the district court, and two opinions have been written by the Court of Civil Appeals of the Seventh Judicial District, the first being reported in 5 S.W.(2d) 175, and the other in 30 S.W.(2d) 487, where the nature and results of the litigation are fully outlined. Both trials in the district court resulted in favor of the plaintiffs in error, and both appeals to the Court of Civil Appeals resulted in judgments reversing the action of the trial court and remanding the case for further trial. The writ of error has been granted by the Supreme Court on account of the conflicts alleged.

The plaintiffs in error borrowed $2,000 from the defendant in error and repaid that sum, together with $306 additional, about five months thereafter. The plaintiffs in error alleged that this $306 was paid by them and received by the defendant in error *as interest*. The defendant in error contended that while $56 of this sum was paid by plaintiffs in error and received by him as interest, the remainder of the $306 was paid by plaintiffs in error and received by him *for services* rendered the plaintiffs in error. The trial court submitted only one issue of fact to the jury. This issue is in this language: "Do you find, from the preponderance of the evidence, that the plaintiff, McDaniel, paid defendant, Orr, the $250.00, as interest?" Answer "Yes" or "No." The jury answered this question, "Yes." Upon this finding and the further finding by the court that in addition to the $250, plaintiffs in error had paid to the defendant in error, the further sum of $56, judgment was rendered in favor of plaintiffs in error against the defendant in error for the sum of $612. No other issue was requested by either of the parties, and no objection was made to the issue submitted, either as to substance or form.

The Court of Civil Appeals, in reversing the judgment of the trial court and remanding the case for another trial, held that the plaintiffs in error were not entitled to a judgment upon this finding alone, stating that this find-

ing of the jury does not include the proposition that defendant in error had collected the money as interest, nor did it authorize the trial court to conclude, as a matter of law, that there was an unlawful and corrupt intent on the part of defendant in error to violate the law.

" 'Interest' is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money." Article 5069. Article 5071 provides that any stipulation for any rate of interest exceeding 10 per cent. in any contract, directly or indirectly, shall be void as to the interest. The policy of the state, as evidenced by these statutes, makes plain the fact that while parties may agree upon a rate of interest as high as 10 per cent., any agreement to pay a higher rate of interest is void. By virtue of the statute, where there is shown an agreement between the parties to pay a higher rate of interest than 10 per cent., the party receiving such interest is penalized to the extent of double the amount of interest charged and received. All that the debtor has to do, in order to be entitled to this recovery, is to specially plead the facts, and verify the pleading by his affidavit, supporting the plea by the facts alleged, to the effect that there was a written contract between him and his creditor, which either directly or indirectly provided for a greater rate of interest than 10 per cent., and that in pursuance of this contract he had paid to the creditor, as interest, a sum greater than 10 per cent., which sum the creditor had received as interest. In this case the plaintiffs in error, by their pleadings and their testimony, made out a case under the statute entitling them to a recovery of double the amount of the interest paid by them and received by the defendant in error. The defendant in error, by his testimony, contended that he had only received $56 as interest, which was within the legal rate, and that the remaining $250, which he had received, was paid by the plaintiffs in error and received by him as compensation for services rendered in issuing some checks and locating some cars of lumber, which the plaintiffs in error intended to use in building their home. With the testimony in this condition there was only one issue of fact raised. The ultimate fact to be determined by the verdict of the jury, under this conflicting testimony, was the intention of the parties as reflected by their conduct. Bearing upon this ultimate issue, the jury had before it the testimony of the plaintiff in error McDaniel, to the effect that he received from the defendant in error $2,000, as a loan, which he kept about five months, and when it was repaid, and he had received from the defendant in error a written acquittance of his obligation, he had been compelled to pay, in addition to the $2,000, the sum of $306. The jury also had before it the testimony of the defendant in

error, Orr, that he loaned the plaintiff in error McDaniel $2,000, taking an instrument in the form of a materialman's lien, and also a mortgage on some other property, and a note for $2,000, and that at the end of about five months, he delivered these instruments to the plaintiffs in error, or their legal representative, with an acquittance of all demands, receiving therefor $2,306, and while plaintiffs in error kept the money, he (the defendant in error) wrote out some checks and looked after the handling of some cars of lumber, and that it was for these things he charged the $250 extra. The jury, having heard this testimony, concluded that the testimony of the defendant in error was not true, but that of the plaintiffs in error was true.

■ The Court of Civil Appeals in its opinion cites the case of Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, in support of its conclusion that the plaintiffs in error were required to plead and prove that the intention of the defendant in error was to charge and collect usurious interest in the transaction between him and plaintiffs in error. In the case of Ormsby v. Ratcliffe the doctrine is stated that in trials to juries on special issues, the failure to request submission of any issue which constitutes a complete ground of recovery or a complete defense is a waiver of such ground of recovery, or of such defense, under Rev. St. 1925, art. 2190, and of articles 2185 and 2186. Under the testimony introduced in this case, as measured by the law, upon which the plaintiffs in error rely for their right to a recovery, the issue presented to the jury and decided by it furnished, as to the $250 paid by plaintiffs in error and received by defendant in error, every fact necessary to establish a complete ground of recovery by the plaintiffs in error. It may be that the defendant in error would have had the right to have had submitted to the jury, in an affirmative way, the defense upon which he relied, which was that the $250 was not paid as interest nor was it received by him as interest, but as compensation for services. However, no request for the submission of any such issue was made, and therefore the defendant in error is in no position to complain that the jury was not given an opportunity to pass upon this issue in an affirmative way. It was no part of the duty of the plaintiffs in error to establish more than that for which they contended, which was that the $250 was paid by them and received by the defendant in error as interest. It may also be well to remark that what we have said is all the more applicable for the reason that no objections were made by the defendant to the submission to the jury of this issue alone, and that under article 2185 a failure to make objections to a charge constitutes a waiver of all such objections, which might have been made. Necessarily the jury, in determining the ultimate issue, which was

the intent of the parties to the transaction, in passing upon the issue presented, would have to find a payment by plaintiffs in error, and a reception from them by the defendant in error, of the $250, either as interest, or as compensation for services rendered. The matter thus presented was not merely evidentiary, but it was a part, at least, of an ultimate controlling issue. As said in the case of North v. Atlas Brick Co. (Tex. Com. App.) 13 S.W. (2d) 59, 61: "If it did not contain all of the elements necessary to a recovery, it at least contained some indispensable elements, and therefore was a submission in part, at least, of the issue which we have held to have been well pleaded, and such issue cannot be held to have been waived under the rule announced in Ormsby v. Ratcliffe. * * * An issue submitted in part, or even defectively submitted, with the acquiescence of the parties, is not waived." In the case at bar, the issue of payment of the usurious interest was a part of the issue pleaded, that the money was paid to defendant in error and received by him as interest. The defendant in error acquiesced in this presentation of the issue to the jury, made no objection to the court's charge, and requested no special issue of any kind. Article 2190 provides that "an issue not submitted and not requested is deemed as found by the court in such manner as to support the judgment if there is evidence to sustain such finding." The intent to charge usury is the ultimate issue in the case, and is necessarily composed of four elements: (1) The delivery by the borrower to the lender of a sum of money as interest on a loan; (2) the acceptance of such sum by the lender as a payment of interest, by the borrower and a loan; (3) that such sum, as interest, was in excess of the amount authorized by law to be collected on the particular loan for the period of time that the borrower had the money; (4) that in receiving and accepting said sum the lender intended to take and exact usurious interest. Under the statutes we have mentioned and under the ruling in the case of Ormsby v. Ratcliffe, if either one or more of these four elements are submitted to the jury, then the burden devolves upon the defendant in error desiring a more complete submission, either to object to the incompleteness of the issue, as submitted, or request such further issues as will submit any and all of the elements in dispute.

The plaintiffs in error's claim is based on the transaction between them and the defendant in error, in which the claim is made that under the law, by virtue of the facts constituting this transaction, they are entitled to recover $612. In pleading the facts, the plaintiffs in error necessarily had to mention the written instruments as being parts of the transaction, even as they had to mention other facts resting in parol. When all the testimony had been offered, which the parties desired—and none was excluded—it appears, as stated by the defendant in error in his brief filed in the Court of Civil Appeals, that "the difference between the *claim* of plaintiffs and the *claim* of defendant is this: Plaintiffs *claimed* that the $250.00 was charged as compensation for the use of the money, while defendant *claimed* it was compensation for services," etc.

Each party offered testimony, partly written, partly oral, in support of his *claim*; one claiming the $250 paid by plaintiffs in error and received by the defendant was compensation for the use of the $2,000, and the other that it was for services the defendant in error had rendered the plaintiffs in error. With this testimony before it, the trial court could not properly have submitted, as an issue to the jury, any evidentiary matter presented by the testimony, but was under the legal necessity to so formulate the issue as to present for determination the ultimate fact necessary to be found, in order that the court could have it in reaching a conclusion as to the judgment to be rendered. Both parties testified that the remainder of the $306 acknowledged to have been paid by plaintiffs in error and received by the defendant in error was so paid and received as interest. This left, as the sole antagonistic contention, the intention of the parties with reference to the payment and reception of the $250, whether as compensation for the use of money or for services rendered. Rosetti v. Lozano, 96 Tex. 57, 70 S. W. 204; Yonack v. Emery (Tex. Com. App.) 13 S.W.(2d) 667.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the district court affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversed, and judgment of the district court affirmed.