**FIRES v. KINNEY–SHOTTS INV. CO. et al.**

No. 1432—6071.

Commission of Appeals of Texas, Section B.

May 3, 1933.

C. A. Wright, of Fort Worth, for plaintiff in error.

Jesse Martin and Dawson H. Davis, both of Fort Worth, for defendants in error.

LEDDY, Judge.

Plaintiff in error executed a promissory note, payable to Wes-Tex Auto Sales Company, Inc. There was nothing upon the face of the note indicating that it was tainted with usury. It provided merely for the payment of 8 per cent. interest from maturity.

For a valuable consideration defendant in error purchased said note before maturity, and the maker paid to it the amount of unpaid principal and interest. He then brought this suit against defendant in error to recover the statutory penalty of double the amount of interest so paid, on the ground that the exaction of such interest constituted usury. He offered no evidence to show that the assignee against whom he sought to recover the statutory penalty had any knowledge or notice that the note was tainted with the vice of usury at the time it received payment of the interest thereon. He was denied a recovery by the trial court, and its judgment was affirmed by the Court of Civil Appeals [40 S. W.(2d) 911].

Plaintiff in error insists in this court that under the doctrine announced in Gilder v. Hearne, 79 Tex. 120, 14 S. W. 1031, he is entitled to recover the statutory penalty from defendant in error, even though it had no notice or knowledge at the time it collected the interest that there was any taint of usury in the note.

The provision of the statute which authorizes a recovery of double the amount of usurious interest against the person who receives or collects the same is a penalty. It is an exaction imposed by statute as a punishment for an unlawful act. One who seeks a recovery under this statute has the burden of proving the existence of facts entitling him to the penalty therein provided.

It was essential, in order for plaintiff in error to recover the statutory penalty for usury against the assignee of the note, that he allege and prove knowledge or notice upon its part that the interest received and collected was usurious. McDaniel et ux. v. Orr (Tex. Com. App.) 30 S.W.(2d) 489.

Plaintiff in error misconceives the holdings of the Supreme Court in Gilder v. Hearne, supra, and the line of decisions following said case. None of these cases were actions to recover the statutory penalty for the collection of usurious interest. They were suits either to cancel usurious interest or defenses made against the collection of such interest. When a person seeks to recover on a contract which is usurious, so far as the interest is concerned, he is seeking to enforce a con-

tract which the Constitution declares to be utterly void. Under such circumstances, it is immaterial whether he is a bona fide holder in due course without notice of the fact that the note provides for usurious interest.

An action under the statute for the penalty provided rests upon an entirely different basis from one wherein a defense is urged against the enforcement of a usurious contract or wherein it is sought to cancel the interest imposed by such a contract. The former is an action under a statute (Rev. St. 1925, art. 5073) designed to inflict punishment upon one who has collected and received payment of usurious interest. The statute does not contemplate that a person should be punished for receiving usurious interest when he is innocent of any intent to do so.

Plaintiff in error vigorously insists that the burden of proof rested upon defendant in error to establish that it had no notice of the vice of usury in the note either at the time it purchased the same or when it received payment of the interest thereon.

In order to recover the statutory penalty, it devolved upon plaintiff in error to establish that defendant in error collected and received interest in excess of the amount authorized by law, and that in receiving and accepting said sum it intended to take and exact usurious interest. McDaniel v. Orr, supra.

Plaintiff in this case did not sue to recover as for debt the usurious interest paid. His cause of action is simply one to recover the statutory penalty. The right sought to be enforced rests alone upon the statute. Since he wholly failed to establish that defendant in error had any intent to receive or collect usurious interest, he was properly denied a recovery of the penalty provided by law.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgments of the district court and the Court of Civil Appeals are both affirmed as recommended by the Commission of Appeals.