**FULL GOSPEL ASSEMBLIES IN CHRIST
et al. v. MONTGOMERY WARD &
CO., Inc.**

No. 6117.

Court of Civil Appeals of Texas. Amarillo.
Jan. 29, 1951.

Rehearing Denied Feb. 26, 1951.

W. F. Nix, Amarillo, for appellants.

Simpson, Clayton & Fullingim, Amarillo, for appellee.

LUMPKIN, Justice.

The style of this case shows the appellants to be the Full Gospel Assemblies in Christ, et al. The record, however, reveals that the Calvary Gospel Tabernacle, Inc., was the actual defendant in the trial court and the party which perfected this appeal. Therefore, in this opinion we shall designate the Calvary Gospel Tabernacle, Inc., as the appellant. The appellee is Montgomery Ward & Co., Inc.

This case comes to us on an agreed statement of facts. The appellant hired one Alex McMillan to paint its church property for the agreed consideration of $260. After the job was apparently completed, McMillan demanded his pay. The appellant, acting through its president, Daisy E. Guthrie, executed and delivered to him a check for $260. On the same day, Saturday, McMillan took this check to the appellee's place of business and received cash and merchandise for it. On the following Monday the appellant discovered that McMillan had painted the church with inferior materials and had not used the type and kind of materials he had promised to use. The appellant immediately stopped payment on the $260 check. Later, the appellee brought this suit against the appellant to recover the amount of the check. After a trial before the court without a jury, judgment was rendered in favor of the appellee and against the appellant, Calvary Gospel Tabernacle, Inc., for $260. To this judgment the appellant excepted and in due time has brought its appeal before this court for disposition.

The appellant contends that the appellee accepted the uncertified check for $260 subject to the right of the appellant to stop payment on it for fraud, failure of consideration, or other good cause. On the other hand, the appellee contends that the check was a negotiable instrument under the Negotiable Instruments Act; that since Montgomery Ward & Co., Inc., was a holder in due course, it was entitled to recover the amount of the check from the appellant even though the consideration between the appellant and McMillan had entirely failed.

A check, according to Article 5947, Vernon's Annotated Civil Statutes, "is a bill of exchange drawn on a bank payable on demand." It has been defined as an unconditional order on a bank or banker to pay instantly on demand a specified sum of money to the person named in the check or to his order or to the bearer. The presumption is that a check is drawn against a deposit. Metropolitan Loan Co. v. Reeves, Tex.Civ.App., 236 S.W. 762. An ordinary check is a written order, executory in nature, and may be revoked by the drawer at any time before it is paid or in some manner accepted by the bank on which it is drawn. Clay-Butler Lumber Co. v. W. H. Pickering Lumber Co.; Tex.Com.App., 276 S.W. 664; Odle v. Barnes, Tex.Civ.App., 2 S.W.2d 577, 581. When payable to order or bearer a check is undoubtedly a negotiable instrument within the meaning of the Uniform Negotiable Instruments Act, Articles 5932 to 5948 inclusive, Vernon's Annotated Civil Statutes. Commercial State Bank v. Harkrider-Keith-Cooke Co., Tex.Civ.App., 250 S.W. 1069. Appellant's check is payable to the order of Alex McMillan and is therefore a negotiable instrument.

Every holder of a negotiable instrument, which at the time of its acquisi-

tion was complete and regular on its face, is deemed prima facie to be a holder in due course. He is presumed to have acquired it for value, in the ordinary course of business, before maturity, in good faith, and without notice of any infirmity in the instrument or defect in the title of the person negotiating it. Article 5935, § 52; 6 Tex.Jur. 692.

 In this case the appellee undoubtedly was a holder in due course. The stipulation reflects that the appellee acquired the check on the same day it was written, in good faith and for value, in the ordinary course of business, and without notice of any defect in McMillan's title. Indeed, the appellant does not deny that the appellee is a holder in due course. Under the statute, Article 5935, Section 57, a holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves. When suit is brought on the instrument, the holder will be entitled to "payment of the instrument for the full amount thereof against all parties liable thereon." Thus, the appellee held the check free from any defense available to the appellant against McMillan. The appellant, nevertheless, insists that even though the appellee was a holder in due course, it could stop payment on the uncertified check for failure of consideration. In other words, although the appellee is a holder in due course, the appellant contends that it had the authority to stop payment on the check because McMillan's work on the church was unsatisfactory and not in keeping with the agreement made by McMillan. This, however, is not the rule. In 10 Corpus Juris Secundum, Bills and Notes, § 520, page 1146, it is said: "A bona fide holder in due course of a negotiable instrument may recover thereon regardless of the consideration which may or may not have passed between the original maker or drawer and the payee, and therefore as against such a holder want or failure of consideration in the original execution of a bill, note, or other negotiable instrument is not a defense * * *." Jackes-

Evans Mfg. Co. **v.** Goss, Tex.Civ.App., 254 S.W. 320; Smith Bros. v. Flanders, Tex.Civ.App., 122 S.W. 80; Quanah, A. & P. Ry. Co. v. Wichita State Bank & Trust Co., 127 Tex. 407, 93 S.W.2d 701, 106 A.L.R. 821. Also see Murphree v. Wrens Motor Co., 26 Ga.App. 382, 106 S.E. 741; Porter v. First National Bank of Chicago, 212 Ill.App. 250.

 Therefore, since the appellee was the holder of the check, a negotiable instrument, in due course of business, the appellant could not invoke the personal defense of failure of consideration. For this reason the judgment of the trial court is affirmed.