**MOSSLER ACCEPTANCE CO. v. FIELDS.**

**No. 15256.**

Court of Civil Appeals of Texas. Fort Worth.

June 15, 1951.

Cutrer & Cook, of Houston, for appellant.

J. R. Wilson, of Wichita Falls, for appellee.

CULVER, Justice.

Appellee W. C. Fields, Jr. brought suit against Mossler Acceptance Company, appellant, under provisions of Article 5073, Vernon's Civ.Stat., for recovery of double the amount of usurious interest alleged to have been paid by him to the appellant. The trial court rendered judgment for appellee.

The facts appear to be without dispute. Appellee was the only witness. On June 22, 1949, he purchased a 1949 model automobile from Lloyd G. New Motor Company of Houston. The car was priced to him at $1927.95. In payment therefor, he traded in his car at a value of $890.00, a cash payment of $7.95, and agreed to pay the "note balance" of $1522.08. He introduced in evidence a "contract of conditional sale," setting forth the above terms, reciting, "purchaser agrees to pay to seller or assignee of seller, if this contract be assigned, the note balance of $1522.08, payable in twenty-four installments of $63.42 each on the 25th day of each succeeding month, beginning July 25, 1949, at the office of Mossler Acceptance Company in Houston, Texas, with interest thereon after maturity at ten per cent per annum." Further along in the printed portion of the contract, it was provided, "Payment to anyone other than Mossler Acceptance Company does not constitute payment hereunder." The contract was executed on the 22nd day of June, 1949, at Houston, by Lloyd G. New Motor Company and Wm. C. Fields, Jr. On the same day the contract was assigned by the Motor Company to Mossler Acceptance Company "without recourse."

Appellant's appeal is based principally upon the following point: "The appellee failed to show that appellant knew of the usurious character of the transaction at the time it received the payments made by appellee and since the contract was not usurious on its face, it was incumbent upon appellee to make such proof in order to make out a case for recovery of the statutory penalty for usury."

Appellee testified that he had no dealings with any one other than the salesman of the Motor Company, and that he never met or talked to any one connected with the Mossler Acceptance Company; that all of his payments were sent by mail. The contract made, according to appellee's testimony, which was not disputed, was unquestionably usurious, but there is nothing in the written contract to put the assignee on notice of such fact.

We think the case of Fires v. Kinney-Shotts Inv. Co., Tex.Com.App., 59 S.W.2d 827, is directly in point and controlling. Judge Leddy in this decision, approved by the Supreme Court, states the law to be as follows: "It was essential, in order for plaintiff in error to recover the statutory penalty for usury against the assignee of the note, that he allege and prove knowledge or notice upon its part that the interest received and collected was usurious", citing McDaniel v. Orr, Tex.Com. App., 30 S.W.2d 489.

Appellee urges that the appellant must have known all of the terms of the contract and that it was tainted with usury, because its name was printed in the contract and the same provided "payment to anyone other than Mossler Acceptance Company does not constitute payment hereunder." We believe this would support no more than a surmise or conjecture to that effect and that appellee could not rely on such statement in the contract to discharge the burden resting upon him of furnishing the proof required. The appellee neither plead nor proved knowledge on the part of appellant of the usurious nature of the contract. This point is sustained and the judgment of the trial court is reversed and here rendered for the appellant. All costs are taxed against appellee.