Cutrer & Cook, Houston, W. Lawrence Cook, Jr., Houston, of counsel, for appellant.

Ted Musick, Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellee, Paul F. Kieke, in the County Court at law of Harris County, for recovery from appellant, Mossler Acceptance Company, of double the amount of usurious interest alleged to have been received and collected by it. In answer to one Special Issue submitted, a jury found that appellant or its agents had actual knowledge of the balance due on the price of an automobile purchased by appellee, on which the action was based. After the purchase of said automobile by appellee, appellant, Mossler Acceptance Company, acquired the note, a part of the purchase price which was alleged to be usurious.

Based on the answer to such Special Issue, judgment was rendered in favor of

**MOSSLER ACCEPTANCE CO.**
**v. KIEKE.**

**No. 12333.**

Court of Civil Appeals of Texas. Galveston.

Dec. 6, 1951.

Rehearing Denied Jan. 3, 1952.

appellee and against appellant for the sum of $474.96, with interest.

The record reflects that appellee bought an automobile from Fonville Motor Company for the sum of $2,195, paying therefor $450 in cash and being allowed $500 on a trade-in of his automobile. Appellee executed a note in the amount of $1,269 as evidence of a loan for the balance due on the purchase price from the appellant. The note included the cash balance of $1,-245 and $24 for State taxes. It was made payable to appellant in 24 monthly installments of $75.75 each. It was later changed to a 15 month note payable in monthly installments of $107. Appellee paid appellant $1,566.48 on said note during a 10 month period. There is no evidence in the record of any connection or dealings between appellant, or its agents, and the Fonville Motor Company except testimony that appellant had purchased from the Motor Company appellee's contract on the conditional sale of said automobile and said note and there is no evidence that appellee had any contact with appellant or its agents other than his action in mailing to appellant its installment payments, which appellee had agreed to pay the Fonville Motor Company. Further, there is no evidence in the record that appellant or its authorized representatives was informed as to what the agreed cash price for said automobile was. Appellee introduced in evidence an insurance policy on said automobile, which was applied for by Mossler Acceptance Company and issued to appellee, the loss-payable clause payable to appellant and the encumbrance recited as being $1,818, but there is no evidence in the record that appellant or its authorized agent had any knowledge of its contents or that it had any knowledge of the agreed purchase price of the automobile. All payments on said note were made by appellee to Mossler Acceptance Company in Houston. Appellee alleged that the amount paid was in excess of the statutory interest by approximately $237.43. He sought recovery of double the amount of the alleged usurious interest paid.

Appellant relies for reversal on the alleged error of the trial court in submitting the case to the jury and in rendering judgment in favor of appellee on the jury's verdict in view of appellee's alleged failure to show that the appellant knew of the usurious character of the transaction at the time it received the payments on the note by appellee.

The controlling fact issue presented in the appeal is whether or not appellant had actual knowledge of the balance due on the price of the automobile sold by Fonville Motor Company to appellee.

The precise question involved in this appeal was decided by the Fort Worth Court of Civil Appeals, in the case of Mossler Acceptance Company v. Fields, 241 S.W.2d 255, under an almost identical state of facts. In that case the Court held in its opinion that the case of Fires v. Kinney-Shotts Inv. Co., Tex.Com.App., 59 S.W.2d 827, in which the Supreme Court held that in order for plaintiff in error to recover the statutory penalty for usury against the assignee of the note it was necessary that he allege and prove that defendant had knowledge or notice that the interest received and collected was usurious, was directly in point and controlling; citing McDaniel v. Orr, Tex.Com.App., 30 S.W.2d 489.

Continuing the Court said, 241 S.W.2d at page 256. "Appellee urges that the appellant must have known all of the terms of the contract and that it was tainted with usury, because its name was printed in the contract and the same provided 'payment to anyone other than Mossler Acceptance Company does not constitute payment hereunder.' We believe this would support no more than a surmise or conjecture to that effect and that appellee could not rely on such statement in the contract to discharge the burden resting upon him of furnishing the proof required. The appellee neither plead nor proved knowledge on the part of appellant of the usurious nature of the contract."

The Court sustained the judgment of the trial court and reversed and rendered the case in favor of appellant.

In the case at bar there is no evidence in the record of any connection between Fonville Motor Company and appellant except evidence that appellee had purchased said automobile from the Motor Company un-

der a contract of conditional sale which was executed by appellee and that the notes provided for therein were assigned to appellant. There is no evidence of any contract between appellee and appellant or its agents, or of any contract between them other than that appellee had mailed to appellant the amount of the installment payments which appellee had agreed to pay Fonville Motor Company, and there is no evidence in the record that appellant or its authorized representatives had knowledge of the agreed price of the automobile purchased by appellee.

Under the undisputed evidence, appellee was told by a representative of the Motor Company what the cash price of the automobile would be. He made a down-payment and signed a contract and a note for the balance due on the purchase price of the automobile plus an additional sum as a finance charge. The contract was assigned to appellant after its execution and appellee paid to appellant the amount called for in the contract. There is no evidence of a contract between the Motor Company and appellant except the contract assigned by the Motor Company to appellant, and there is no evidence that any one connected with appellant had any knowledge of the agreed cash price of the automobile. Without such knowledge appellant could not have known whether the principal amount payable under the contract included a usurious charge.

In the case of Fires v. Kinney-Shotts Inv. Co., supra, 59 S.W.2d at page 828, it was held that, "In order to recover the statutory penalty, it devolved upon plaintiff in error to establish that defendant in error collected and received interest in excess of the amount authorized by law" with knowledge of that fact "and that in receiving and accepting said sum it intended to take and exact usurious interest."

In the case at bar, it is, we think, obvious that appellee has wholly failed to produce evidence to establish that appellant had notice of the fact that usury was being charged either at the time it purchased the note or when it received payment of the interest thereon and that in receiving and accepting such sum it had intended to take and exact usurious interest, and that the evidence adduced in the trial court would support no more than a conjecture or surmise that appellant had notice that the interest received and collected was usurious.

It follows that the judgment of the trial court must be reversed and judgment therein rendered in favor of appellant.