John B. DAVIS, Appellant,

v.

S. P. BOLING, Appellee.

No. 6985.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1960.

Rehearing Denied Nov. 21, 1960.

**332**

Lattimore & Lattimore, Fort Worth, for appellant.

Boling & Griffith, Lubbock, for appellee.

NORTHCUTT, Justice.

This is a suit upon a promissory note. The parties will be referred to here as they were in the trial court. The plaintiff brought suit alleging that on or about the first day of June, 1957, the defendant made, executed, and delivered to L. R. Rampy his certain promissory note bearing date on such day and year and thereby promised to pay to said L. R. Rampy or his order the sum of $12,500 with interest from date at the rate of six per cent per annum, which said note was payable, both principal and interest, in two installments as follows: $5,000 due and payable on or before December 15, 1957, and balance due and payable on or before May 1, 1958. Then made the usual allegations as to the transfer of said note from L. R. Rampy to the plaintiff for good and val-uable consideration; that the said L. R. Rampy transferred and assigned the note to the plaintiff; that plaintiff was then the legal owner and holder of such note and brought suit to recover principal, interest, and attorneys fees thereon.

The defendant answered and made L. R. Rampy cross-defendant, but the defendant did not secure permission of the Court to make L. R. Rampy cross-defendant. Part of the answer of the defendant was as follows:

"The note is usurious. It originated in a note for $40,000.00, dated September 7th, 1955, due on or before six months from date and bearing interest from maturity at ten percent per annum. This note was payable to L. R. Rampy and Leroy Elmore. In fact, this defendant only received $30,000.00 by virtue of said note and the $10,000.00 therein expressed over said $30,000.00 was usurious interest as defined by the laws of Texas, being compensation for the use of money, and in addition thereto this defendant delivered to the payee Rampy, as a part of the consideration for this loan of $30,000.00, five hundred shares of stock in the American Window and Door Company, which was of the par and actual value of $10,000.00 and was represented by Certificate No. 5 in said Company. Plaintiff Rampy paid for said Certificate, par value, to the said Corporation under an agreement with this defendant that this defendant would thereafter return the money to him, and this defendant did repay same, the said plaintiff Rampy retaining the Certificate as part of the consideration for the loan aforesaid."

The case was tried to a jury, and, at the close of the testimony, the plaintiff requested the Court to instruct the jury to return a verdict in favor of the plaintiff and cross-defendant. The request was granted by the Court, but no amount of recovery was specified in the directed verdict. The Court

thereafter granted judgment in favor of the plaintiff for the sum of $12,140.09 together with interest thereon from date of the judgment at six per cent per annum and for costs of Court but found against the plaintiff for all attorneys fees. In said judgment, the Court made its findings setting out the rate of interest and credits due thereon.

From this judgment the defendant has perfected this appeal and presents the same upon 26 points of error. The points of error complain of the action .of the Court in instructing the verdict for the plaintiff; that the instruction was erroneous in that it did not state any amount for the jury to find; that the Court should not award interest because the note was tainted with usury; the Court erred in not giving credit on the principal of the note in the amount of $10,000 being the value of the stock delivered to plaintiff; that the Court erred in the holding that appellant was estopped to assert that the note was tainted with usury; then the remaining portion of said assignments concerns error of the Court in refusing the defendant the right to introduce certain testimony to show that the note was tainted with usury.

After the note in question was past due and unpaid, the said L. R. Rampy delivered the note to the appellee herein as an attorney for the purpose of collection. The testimony is undisputed that after the appellee received the note for collection, he contacted the appellant and sought to make collection thereon. The appellee testified that when he contacted the appellant, that appellant told him that the note was good and that he owed it and would pay it in a short time. Although the appellant testified in the case he never at any time denied or attempted to refute the statements made by the appellee to the effect that appellant acknowledged that he owed it and would pay it in a short time. Thereafter the appellee purchased the note from Mr. Rampy, and the undisputed evidence is that thereafter the appellee was a sole owner of said note.

It is undisputed that the appellant made, executed, and delivered the note in question to L. R. Rampy as alleged by the appellee. There is nothing upon the face of the note that would in any way indicate a usurious transaction. The contention of appellant is to the effect that when the parties were dealing together back in 1955 that L. R. Rampy and Leroy Elmore secured $30,000 for the appellant. The appellant acknowledges that he received the $30,000 but contends that for this $30,000 he executed his note for $40,000 and that the $10,000 therein expressed over the $30,000 was usurious interest. It is to be noticed that according to the pleadings of the appellant he contends that at the time of execution of said $40,000 note and at the time he received the $30,000 that 500 shares of stock in the American Window and Door Company of the par and actual value of the $10,000 was represented by a certificate of stock in said company. Appellant further pleaded that Rampy paid for said certificate par value under an agreement with the appellant that the appellant would thereafter return the money to him and that the appellant did repay the said $10,000 but that Rampy retained the 500 shares of stock in the American Window and Door Company. It is this 500 shares of stock that is in question here as constituting the main issue of usury here involved. All other payments proven would not pay the interest on the $30,000 received.

This record reflects that the first $30,000 was secured by Rampy and Elmore from the First National Bank in Lubbock and later, in order to pay the First National Bank, the appellant as principal and Rampy and Elmore as sureties issued a note payable to the Citizens National Bank for the sum of $30,000. When the note became due to the Citizens National Bank in the sum of $30,000, the appellant paid the interest on the note up to May 31, 1957. Rampy and Elmore paid the Citizens National Bank the $30,000 each paying $15,000. Then on June 1, 1957, the appellant executed and delivered the note here in question to L. R.

Rampy for the sum of $12,500 and paid to L. R. Rampy on June 8, 1957, $2,500 making the total of the $15,000 paid by Rampy to the bank.

Although appellant pleads that Rampy retained the 500 shares as part of the consideration for the $40,000 loan and never returned the stock to appellant, he testified upon direct testimony offered by him that Rampy gave him back the 500 shares of stock that was part of the whole deal from the beginning; and consequently, there would be no question of usury involved here in so far as the 500 shares of stock as pleaded by the appellant.

We are familiar with the rule as to the question of usury, but there is nothing to show upon the face of the note that it is a usurious contract, and neither is there anything in the record to show that appellant had any notice of any usury involved in the transaction and especially since the appellant acknowledged that the obligation was good and that he would pay it. Under such facts, the burden was upon the appellant to plead and prove that the appellee had notice or knowledge of the usury in the transaction. It is stated in the case of Hamor et ux. v. Commerce Farm Credit Co. et al., Tex.Civ.App., 74 S.W.2d 1035, 1038 (writ dismissed) as follows:

"Appellants in the first count of their petition sought double the amount of the interest they had paid as a penalty, as authorized by article 5073, R. C. S. The $20,000 note, the interest coupons attached thereto, and the first deed of trust, do not show on their face that the loan was usurious, and in order to establish a cause of action under the first count the burden was on them to plead and prove that appellee had notice or knowledge of the usury in the transaction.

" 'The provision of the statute which authorizes a recovery of double the amount of usurious interest against the person who receives or collects the same is a penalty. It is an exaction imposed by statute as a punishment for an unlawful act. One who seeks a recovery under this statute has the burden of proving the existence of facts entitling him to the penalty therein provided.

" 'It was essential, in order for plaintiff in error to recover the statutory penalty for usury against the assignee of the note, that he allege and prove knowledge or notice upon its part and that the interest received and collected was usurious.' Fires v. Kinney-Shotts Inv. Co. et al., Tex.Com.App., 59 S.W.2d 827."

Without proper pleading and proof that appellant had notice or knowledge of a usurious transaction, if any, and the face of the note not in any way indicating that the transaction was usurious, we are of the opinion and so hold that the Court was correct in instructing a verdict as was done, and we overrule all of appellant's assignments of error. The judgment of the trial court is affirmed.