Bobby Lee BEAVERS, Appellant,

v.

Mrs. O. C. TAYLOR, Appellee.

No. 4758.

Court of Civil Appeals of Texas.

Waco.

Nov. 21, 1968.

Rehearing Denied Dec. 5, 1968.

Anderson, Henley, Shields, Bradford & Pritchard, Dallas, for appellant.

James L. Mitchell, Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

Appellant Beavers sued Appellee Taylor to declare a $5,000. note fully paid, and to recover damages for alleged usurious interest collected by appellee. Appellee denied usury, and cross-acted for judgment on the $5,000. note.

Trial before the court without a jury, and upon a "Stipulation of Facts", resulted in judgment for appellee for $5,000. on her cross-action, and denial of all relief sought by appellant.

Appellant appeals on 5 points, contending the trial court erred in entering judgment for appellee on the note, and in not holding the transaction usurious.

On February 3, 1958 appellant Beavers and his partner Dyett, d/b/a Fully Formed Top Company, borrowed $5,000. from appellee and executed a note for $5,000. payable to appellee. The note provided for "no interest", and simultaneous written agreements between the parties provided: 1) Appellee could demand payment on the note "at any time she deems her security insecure" in which event the note was repayable $1,000. in 30 days and $2,000. in 60 and 90 days. Appellants could repay the note any time after January 31, 1959 by giving appellee 90 days' notice. 2) In consideration of the loan and "in consideration of services rendered by Mrs. O. C. Taylor," the Fully Formed Top Company agrees to pay Mrs. O. C. Taylor monthly dividends until said note is fully paid as follows: 1) 1% of 1st $10,000 gross sales per month; 2) 0.75% of the next $15,000 gross sales per month; 3) 0.5% of the gross sales over $25,000 per month. The note was secured by chattel mortgage on the accounts receivable, cash, and inventory of Fully Formed Top Company.

Appellee never rendered any personal services for appellant or Dyett or Fully Formed Top Co. Appellant and/or Dyett paid some $12,495. to appellee from February 3, 1958 through 1967. Appellee reported such payments on her Income Tax Returns as "interest." In May, 1961 Dyett sold his interest in the business to appellant. In April, 1967 appellant sold the business to third parties.

The aggregate of payments from appellant to appellee amounts to some 20% of the $5,000. note annually, and appellant contends that the trial court erred in not holding such payments usurious interest, and rendering judgment accordingly.

The sole question for determination is, under the stipulated and undisputed facts: "Is a usurious contract shown as a matter of law?"

We answer such question in the negative. All of the instruments referred to were executed simultaneously, and hence are construed as if contained in a single contract. 58 Tex.Jur.2d 70.

None of the instruments upon their faces provided for the payment of more than the legal rate of interest, hence the contract is not usurious on its face. In such event the burden is on appellants to show that there existed a device or subterfuge to charge usury, and that both parties had that purpose in contemplation at the time of the execution of the contract. Griffin v. Stewart, Tex.Civ.App., (n.w.h.) 348 S.W.2d 800.

The contract here provided for payments of a percentage of gross sales of the Fully Formed Top Company. If Fully Formed Top Company had no gross sales, there would have been no payment. A loan is not usurious where the promise to pay a sum depends upon a contingency. Pansy Oil Co. v. Federal Oil Co., Tex. Civ.App., er. ref., 91 S.W.2d 453. And a contract is not usurious where the lender is to receive uncertain value, as here, even though the probable value is greater than lawful interest. Korth v. Tumlinson, Tex. Civ.App., (n.w.h.) 73 S.W.2d 1048; Ragland v. Short, Tex.Civ.App. (Man. O.), 245

S.W.2d 368; Burton v. Stayner, Tex.Civ. App., er. ref., 182 S.W. 394.

 Here appellant and appellee contracted that appellee receive a percentage of the gross sales. Such was contingent upon there being gross sales, and the amount thereof was highly uncertain. Appellant has failed to prove that appellant and appellee intended the contract to be usurious at the time of its making; and the contract is not usurious on its face. And the fact that appellee received amounts in excess of 10% of the loan made, under the circumstances, does not render the contract usurious as a matter of law. See also C. C. Slaughter Co. v. Eller, Tex. Civ.App. (n.w.h.) 196 S.W. 704; Hatridge v. Home Life & Accident Ins. Co., Tex. Civ.App. (n.w.h.) 246 S.W.2d 666.

The judgment is correct. Appellant's points and contentions are overruled.

Affirmed.