**FIRST USA MANAGEMENT, INC., Petitioner,**

v.

**Dale ESMOND, Respondent.**

No. 95–1254.

Supreme Court of Texas.

Argued April 17, 1996.

Decided June 6, 1997.

Rehearing Overruled Dec. 4, 1997.

Robert Powell, Linda Jene Burgess, Michael S. Truesdale, Austin, for Petitioner.

James A. Ellis, Jr., Rebecca Adams Cavner, Jeffrey A. Lane, Ray D. Weston, Dallas, for Respondent.

HECHT, Justice, delivered the opinion of the Court.

The principal question in this case is whether an employer contracts for, charges, or receives usurious interest on a loan to an employee by obtaining and exercising the right to terminate the employee's employment contract and to discontinue contractual salary payments when the employee defaults on the loan. The district court answered yes, granting the employee's motion for summary judgment and denying the employer's motion for summary judgment. The court of appeals reversed and remanded, holding that subsisting fact issues precluded summary judgment for either party. 911 S.W.2d 100. We answer the question no and hold that the employer is entitled to judgment on the employee's claims as a matter of law.

First USA Management, Inc. acquired Dale Esmond's financial services software business and, as part of the transaction, executed an employment agreement with Esmond. The agreement obligated First USA to employ Esmond as an officer, and Esmond to "devote all of his business time, attention, skill and efforts exclusively to the business and affairs" of First USA, for five years. Esmond's compensation included a guaranteed annual base salary of $80,000. The agreement entitled Esmond to payment of this base salary for the full contract term unless he was terminated for cause as defined by the agreement, resigned without good reason, also as defined by the agreement, or became disabled.

About nine months into the first year of his employment, Esmond asked First USA for an $18,000 loan. Although First USA had never before loaned an officer money (other than by providing company credit cards), First USA agreed to make the loan on the condition that the employment agreement be amended to include a default on the loan as a basis of terminating Esmond's employment for cause. First USA asserts that it insisted on the amendment because if Esmond defaulted, his honesty and qualification for continued employment in management would be in question. Esmond consented to the amendment and signed a promissory note for the $18,000, payable with interest 180 days later.

Esmond did not pay the note when it came due. First USA demanded payment in full, and Esmond requested an extension of time. In response, First USA terminated Esmond's employment for cause on account of his default, as provided by the amendment to the employment agreement. First USA paid Esmond one month's salary to finish projects he had been working on, and another month's salary as severance pay, but refused

to pay the salary for the 3½ years remaining in the term of the agreement. Esmond repaid the note 90 days after it came due.

Esmond then sued First USA for breach of the agreement. In response to First USA's motion for summary judgment on that claim, Esmond amended his petition to include a usury claim, asserting that First USA had retained salary payments that would have been due under the agreement, and that such retention constituted interest on the $18,000 loan. Since the unpaid salary, if interest, would clearly have been usurious, Esmond pleaded for statutory penalties and rescission of the amendment to the agreement. And if the amendment were rescinded, Esmond argued, First USA had no grounds to terminate him for cause and was thus liable for breach of the employment agreement. First USA counterclaimed for fraud, breach of fiduciary duty, and breach of contract.

Both Esmond and First USA moved for summary judgment on all claims. The district court granted Esmond's motion for summary judgment on his usury and breach-of-contract claims and on most of First USA's counterclaims, and denied First USA's motion on all claims. The court awarded Esmond $1,137,911.23 in usury penalties, *see* TEX.REV.CIV. STAT. ANN. art. 5069–1.06(1)–(2) (Vernon 1987), $243,161 damages for breach of contract (the present value of unpaid salary), and $250,000 attorney fees. First USA nonsuited its remaining counterclaims and appealed. First USA complained of the judgment for Esmond on his claims as well as the dismissal of some (but not all) of its counterclaims. The court of appeals held that neither party was entitled to summary judgment and remanded all claims for trial. 911 S.W.2d 100. Both Esmond and First USA have appealed to this Court, both contending that the court of appeals erred in failing to render judgment as a matter of law on all issues.

■ Usury is contracting for, charging, or receiving interest in excess of a lawful amount. TEX.REV.CIV. STAT. ANN. arts. 5069–1.01(d), –1.06(1)–(2) (Vernon 1987). Interest is compensation for the use, forbearance, or detention of money. *Id.* art. 5069–1.01(a).

Whether an amount of money is interest depends not on what the parties call it but on the substance of the transaction. *Gonzales County Sav. & Loan Ass'n v. Freeman,* 534 S.W.2d 903, 906 (Tex.1976). Thus, for example, we have held that a lender's requirement that a borrower assume a third party's debt to the lender constitutes interest on the loan to the borrower. *Alamo Lumber Co. v. Gold,* 661 S.W.2d 926, 928 (Tex.1983). By the same token, not every obligation on a borrower in connection with a loan is interest. For example, we have held that a lender's requirement that a borrower assume a third party's debt *to another person* does not constitute interest on the loan to the borrower. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931, 935–937 (Tex.1991). Amounts charged or received in connection with a loan are not interest if they are not for the use, forbearance, or detention of money. *See First Bank v. Tony's Tortilla Factory, Inc.,* 877 S.W.2d 285, 288 (Tex.1994) (bank's fee for checks drawn on account with insufficient funds not interest); *Texas Commerce Bank–Arlington v. Goldring,* 665 S.W.2d 103, 104 (Tex.1984) (lender's attorney fees charged to borrower not interest); *Stedman v. Georgetown Sav. & Loan Ass'n,* 595 S.W.2d 486, 488 (Tex.1979) (commitment fee not interest).

■ Although we have never considered arguments like those asserted in this case, we think Esmond's unpaid salary was no more a charge for his use, or First USA's forbearance, of the $18,000 loaned him than the loan-related fees we have considered in the other cases cited. For one thing, it is not clear that the unpaid salary was either a charge to Esmond or a benefit to First USA. True, First USA refused to pay Esmond his base salary for the term of the agreement remaining after his default, but Esmond was also released from his obligation to "devote all of his business time, attention, skill and efforts exclusively to the business and affairs" of First USA. Only if Esmond's services were worth less than his salary did he incur any loss or First USA any gain. The issue is not one of fact: who actually came out ahead. Rather, the issue is whether a charge or receipt so uncertain in value—and

probably of different value to Esmond and First USA—can be considered interest.

In *Beavers v. Taylor*, 434 S.W.2d 230, 231 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.), Taylor loaned Beavers and his business partner, Dyett, $5,000 without interest, payable on demand. Beavers and Dyett agreed that in consideration of the loan and Taylor's services, they would pay Taylor a percentage of their gross sales until the loan was repaid. Taylor never performed any services and reported as interest on her federal income tax return the $12,495 payments Beavers and Dyett made over a ten-year period. If the payments had actually been interest, they would have been usurious, but the court held that they were too uncertain in value to constitute interest. *Id.* at 231–232. Whether Beavers and Dyett would make sales, and how much, could not be determined. *Id.* at 232.

■ We cited *Beavers* with approval in *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex.1994), in holding that a contingency in an obligation to pay an amount was a factor in determining whether the amount was a loan or an investment. In the present case the amount First USA gave Esmond was clearly a loan; the issue is whether his future contractual salary was interest. However, just as uncertainty in an obligation to repay casts doubt on whether the transaction is a loan, uncertainty in the value of a contractual right that a debtor claims is interest casts doubt on whether that value can be characterized as interest. Even if First USA benefitted financially from Esmond's termination, and if that value could be determined, and if it were the same as the financial detriment to Esmond, the uncertainty in the determination convinces us that the benefit to First USA cannot be called interest on the $18,000 loan.

Esmond argues, however, that there is no uncertainty because he was terminated without cause and was therefore entitled to both his guaranteed salary *and* the release of his obligations under the agreement. Esmond acknowledges, as he must, that this argument is premised on his view that an employment contract cannot be conditioned on the employee's timely repayment of any debt owed the employer. We reject this view, and consequently, Esmond's argument. It is simply not true that an employer stands to gain by terminating an employee who will not pay his debts to the employer. The loss of the employee's services may exceed the debt. Even if it did not, termination of employment simply cannot be said to compensate an employer for its employee's use of its money. An employer, like First USA, is not in the banking business for its employees. In fact, First USA could not recall ever before having loaned money to an officer like Esmond, and it was reluctant to make an exception. First USA's obtaining the right to terminate Esmond for defaulting on the loan was a means not of profiting from lending money, which it had no desire to do in the first place, but of protecting the integrity of its management.

■ We conclude that as a matter of law Esmond's unpaid salary was not interest. Without interest, there cannot be usury. *Tony's Tortilla Factory*, 877 S.W.2d at 287. It follows that Esmond is not entitled to recover penalties for usury, and that he is not entitled to rescission of the amendment to the employment agreement. Since the amendment is valid and there is no dispute that Esmond defaulted in the payment of his loan, the amendment authorized First USA to terminate Esmond for cause. Thus, as a matter of law, Esmond is not entitled to recover unpaid salary from First USA for breach of contract. We agree with the court of appeals, however, that fact issues preclude judgment as a matter of law on First USA's counterclaims. (We note that First USA nonsuited some of its counterclaims and did not appeal the district court's unfavorable judgment on others. Of course, the only counterclaims remanded were those that were appealed.)

Accordingly, we reverse that portion of the court of appeals' judgment remanding Esmond's claims against First USA and render judgment that Esmond take nothing from First USA. We affirm that portion of the court of appeals' judgment remanding First USA's counterclaims against Esmond.